UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY BEDOR | : | CIVIL ACTION NO. |
| Plaintiff, | : | 301CV2146 (AWT) |
| | : | |
| v. | : | |
| | : | |
| FRIENDLY ICE CREAM CORPORATION, | : | |
| Defendant. | : | October 13, 2005 |
| | : | |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

The Complaint in this action was brought in five counts, all arising out of the termination of the Plaintiff's employment after more than 33 years' employment, shortly after the Plaintiff took extended leave under the Family Medical Leave Act ("the FMLA")for prostate cancer surgery.  The three federal counts of the complaint allege violations of the FMLA, the Age Discrimination in Employment Act, and the Americans with Disabilities Act ("the ADA").  The other two counts allege violations of the provisions of the Connecticut Fair Employment Practices Act ("CFEPA") which prohibit discrimination based upon age and physical disability, respectively.

On December 20, 2002, Defendant filed its Motion for Summary Judgment.  By Order dated September 29, 2005, the court denied the motion with respect to the counts alleging age discrimination and the count alleging a violation of the FMLA.  However, the court granted the motion with respect to the allegations of discrimination based upon disability.  The Plaintiff hereby moves for reconsideration of the decision granting summary judgment with respect to those latter two counts.  The basis for this motion is that the court misapprehended the nature of the Plaintiff's argument with respect to the disability claims.  The Plaintiff does not seek a stay of the time for filing the Joint Trial Memorandum.

In order to establish that he is covered by the **federal** ADA, an employee must establish that he suffered from an impairment that substantially limits one or more major life activities. 42 U.S.C. §12102(2); Bragdon v. Abbott, 524 U.S. 624, 632-33 (1998). As noted above, the Plaintiff was diagnosed with cancer. In order to establish that the cancer limited a major life activity, the Plaintiff offered evidence that he suffered urinary incontinence and erectile dysfunction. The court analyzed both of the Plaintiff's disability counts as if the Plaintiff was contending that urinary incontinence and erectile dysfunction were the disability, rather than prostate cancer. (See Memorandum of Decision at 32-35). The court concluded that the Plaintiff could not prove a causal connection between the disability and the termination because the Defendant was not aware of the incontinence and the erectile dysfunction.

With respect to the state law count, the Plaintiff was explicit in arguing that the cancer itself, and not the symptoms, was the disability at issue. "The Plaintiff's physical impairment for state law purposes is cancer." (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment at 43). As the court recognized, the definition of a disability under state law is broader than the definition under the ADA (Memorandum of Decision, fn. 1). Specifically, state law does not require a finding that an employee has an impairment that substantially limits any major life activity. See Beason v. United Technologies Corp., 337 F.2d 271, 275 (2d Cir. 2003). Rather, state law defines a "physically disabled" individual as one "who has any chronic physical ... impairment, whether congenital or resulting from ... illness...." C.G.S. §46a-51(15). Thus, the Connecticut courts have consistently found that individuals suffering from serious, long-lasting illnesses were "physically disabled" within the meaning of CFEPA. Adriani v. Commission on Human Rights and Opportunities, 220 Conn. 307, 314 fn. 7 (1991),

affed, 228 Conn. 545 (1994) (hypertension); <u>Mills v. RE/Max Heritage</u>, 2005 WL 941400 (Conn. Super.) (Breast cancer); <u>Tordonato v. Colt's Manufacturing Co.</u>, 2000 WL 33124392 (Conn. Super.) (heart condition); <u>Gilman Brothers Co. v. Connecticut Commission on Human Rights and Opportunities</u>, 1997 WL 275578 (Conn. Super.) (carpal tunnel syndrome); <u>Shaw v. Greenwich Anesthesiology Associates</u>, 137 F.Supp. 2d 48, 65 (D. Conn. 2001)(arthritis). In a decision handed down just two weeks before the instant decision, a Connecticut Superior Court judge found, without discussion of the symptoms, that prostate cancer is a physical disability under CFEPA. <u>Ferrucci v. Southern New England Telephone Co.</u>, 2005 WL 2207709.

The court thus did not consider the Plaintiff's argument that his "physical impairment for state law purposes is cancer." The applicable precedent establishes that cancer in and of itself is a disability under state law. Therefore, the Plaintiff respectfully moves this court to reconsider its decision granting summary judgment with respect to the state law disability claim.

Similarly, with respect to the ADA claim, the Plaintiff's argument was that the disability was prostate cancer. Evidence was proffered with respect to the impact on his erectile and urinary function in order to establish the element, required under federal law, of an impairment of a major life activity. Thus, the court also misconceived the Plaintiff's argument with respect to the ADA claim.

Accordingly, the Plaintiff respectfully moves this court for reconsideration of its order granting partial summary judgment. However, as this case will proceed to trial on the other three counts regardless of the court's ruling on this motion, the Plaintiff does not seek any stay of time for filing the Joint Trial Memorandum, which is due November 14, 2005.

       Respectfully submitted,

       THE PLAINTIFF


By: _____
   Thomas W. Meiklejohn ct08755
   Mary E. Kelly ct# 07419
   Livingston, Adler, Pulda,
   Meiklejohn & Kelly, P.C.
   557 Prospect Avenue
   Hartford, CT 06105-2922
   (860) 233-9821

## CERTIFICATE OF SERVICE

      This hereby certifies that the foregoing Memorandum in Support of Motion for Reconsideration was mailed on this 13th day of October 2005 first class mail, postage pre-paid to all counsel of record as follows:

Floyd J. Dugas  
Warren L. Holcomb  
Berchem, Moses & Devlin, P.C.  
75 Broad Street  
Milford, CT 06460

 

                                            Thomas W. Meiklejohn