UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY BEDOR | : | CIVIL NO.: 301 CV 2146 (AWT) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| FRIENDLY'S ICE CREAM | : | |
| CORPORATION | : | October 26, 2005 |
|     Defendant | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTON FOR RECONSIDERATION</u>**

In its Memorandum of Decision dated September 28, 2005, the Court granted in part and denied in part the defendant's motion for summary judgment. The Court granted summary judgment in favor of the defendant on the plaintiff's disability claims under the ADA and the CFEPA. The plaintiff has filed a motion for reconsideration from the Court's ruling granting summary judgment on those two claims. For the following reasons, the plaintiff's motion for reconsideration should be denied.

Contrary to the plaintiff's assertion in his motion for reconsideration, the Court did not misapprehend the nature of the plaintiff's argument with respect to the disability claims. As the Court correctly noted, the plaintiff in his opposition memorandum "implicitly concedes that it is not prostate cancer which is the disability at issue for purposes of his ADA disability discrimination claim." The plaintiff did so by focusing and relying on his urinary incontinence and erectile dysfunction conditions which resulted from his prostrate surgery. There was no record evidence that the plaintiff's cancer,

which was completely removed by surgery, continued to exist at all or impaired any activity of the plaintiff post surgery, let alone substantially impaired any major life activity. Here, the direct cause of the plaintiff's temporary urinary incontinence and erectile dysfunction conditions was the prostate surgery, not the cancer, and those conditions themselves are "physical impairments" within the meaning of that term as used in 42 U.S.C. §12102(2) and 28 CFR and§ 41.31(a)(1). As the Court in its decision correctly pointed out, the plaintiff claimed that to some degree his erectile dysfunction was a permanent disability within the meaning of the ADA contending that "the ability to engage in sexual activity" qualifies as a major life activity and that he was substantially limited in his ability to perform in sexual relations due his erectile dysfunction impairment.

It was undisputed that at the time the plaintiff's employment was terminated, the defendant was unaware if the plaintiff's post operative erectile dysfunction condition. (*See* No. 49 of the parties' respective Local Rule 56(a)(1) Statements). The Court thus correctly concluded in its Memorandum of Decision that it did not need to reach the issue of whether the plaintiff's erectile dysfunction satisfies the ADA's definition of a disability because the plaintiff failed to create a genuine issue of material fact as to whether the defendant took an adverse action against him "because of" his urinary incontinence and erectile dysfunction.

With respect to the CFEPA disability claim, the CFEFA, like the ADA, requires that the defendant's adverse action be based on the plaintiff's disability. The broader definition of a disability under the CFEPA is not germane because the plaintiff neither

alleged nor presented any evidence that the defendant had knowledge of the plaintiff's urinary incontinence or erectile dysfunction at the time the plaintiff was terminated. Thus, as the Court correctly concluded, there is no genuine issue of material fact as to whether the adverse employment action was taken "because of" the plaintiff's disability.

    For all of the foregoing reasons, the defendant respectfully submits that the plaintiff's motion for reconsideration should be denied.

                                     RESPECTFULLY SUBMITTED
                                     THE DEFENDANT

                                     _____//s//_____
                                     Warren L. Holcomb, Esq.
                                     Fed. I.D. #13127
                                     Berchem, Moses & Devlin, P.C.
                                     75 Broad Street
                                     Milford, CT  06460
                                     (203) 783-1200
                                     wholcomb@bmdlaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing mailed this date, first class mail, postage prepaid, to the following:

Thomas W. Meiklejohn, Esq.
BetzBeth Sanchez, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

                                                                                                                                                      \_\_\_//s//_____
                                                                                                                                                      Warren L. Holcomb, Esq.