UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY BEDOR                        :        CIVIL NO.: 301 CV 2146 (AWT)
    Plaintiff                  :
                              :
v.                                :
                              :
FRIENDLY'S ICE CREAM              :
CORPORATION                       :
    Defendant                  :        December 20, 2005

<u>DEFENDANT'S PROPOSED JURY CHARGES</u>

The plaintiff Gary Bedor claims that the defendant Friendly Ice Cream Corporation retaliated against him because he took a medical leave of absence in violation of a federal statute known as the Family and Medical Leave Act.   The plaintiff also claims that the defendant discriminated against him because of his age in violation of a federal statute known as the Age Discrimination in Employment Act and a Connecticut statute known as the Connecticut Fair Employment Practices Act.  I will read you relevant portions of those statutes later in these instructions.

The defendant denies that neither the plaintiff's age nor the medical leave of absence that he took played any part in any of the decisions that they made with regard to him.

Each of the plaintiff's claims is separate and distinct and you should consider each claim separately.  I will explain the law with respect to each claim.

1

1.    **GENERAL PRINCIPLES OF AGENCY** (Supplement to Court's Standard

Instructions)

The defendant in this action is a corporation, and corporations act through their

employees.  In this case, it is not disputed that Mr. Maglioli was acting within the scope

of his employment when he made decisions regarding the plaintiff.  If you find that Mr.

Maglioli retaliated or discriminated against the plaintiff because he took a medical leave

of absence or because of his age, then I instruct you that the defendant is liable for his

conduct.  I am not suggesting that the defendant is liable.  Whether or not the plaintiff

was discriminated against or retaliated against as he claims is a matter for you to

decide based on all the evidence and in accordance with these instructions.  I am only

instructing you that you must find that the defendant Friendly Ice Cream Corporation is

legally responsible if you find that Mr. Maglioli discriminated against or retaliated against

the plaintiff, Mr. Bedor.

2.    **RETALIATION FOR EXERCISING RIGHTS UNDER THE FMLA**

The plaintiff claims that the defendant retaliated against him in violation of the

Family and Medical Leave Act, which I will refer to as the FMLA.  Under the FMLA an

eligible employee is entitled to take up to a total of twelve work weeks of leave during

any twelve-month period due to, among other things, a serious health condition that

makes the employee unable to perform the functions of his or her job position.[1]

---

[1]  29 U.S.C. §2612(a)(1)(D).

2

The FMLA statute further provides that at the end of the leave, the employee is entitled (a) to be restored by the employer to the position of employment held by the employee when the leave commenced, or (b) to be restored to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment.[2]

However, the FMLA statute also provides that an employee is not entitled to "any right, benefit or position of employment other than any right, benefit or position to which the employee would have been entitled had the employee not taken the leave." In other words, an employee on FMLA leave is not entitled to any greater benefit or job security than if he had not taken the leave.[3]

Under the FMLA statute, an employer is prohibited from retaliating against an employee who has taken FMLA leave.[4]

In this case, the plaintiff is contending that the defendant retaliated against him by restoring him to a position that was not an equivalent position at the end of his FMLA leave. The plaintiff is also claiming that the defendant terminated him in retaliation for his having taken a medical leave which he was entitled to take under the FMLA. These are two separate claims, which you must consider separately.

To prevail on his claims that he was retaliated against in violation of the FMLA,

---

[2]  29 U.S.C. §2614(a)(1).
[3]  29 U.S.C. §2614(a)(3)(b).
[4]  29 CFR §825.220(c).  29 U.S.C. §2615(a)(1).

the plaintiff must prove by a preponderance of the evidence, first that he exercised his right to take a medical leave under the FMLA and the employer was aware that he did so; second that he was adversely affected by an employment decision; and third that there was a causal connection between employer's adverse employment action and his having taken a medical leave under the FMLA.[5]

In this case, the defendant concedes that the first element has been met.  The defendant acknowledges that the plaintiff took an authorized medical leave of absence under the FMLA and that it was fully aware that he did so.  Therefore, you must find that the plaintiff has proved the first element which is that he took a medical leave under the FMLA and that the defendant was aware that he did.

With regard to the second element, that the plaintiff must prove that he was subjected to an adverse employment action.   In this case, the plaintiff makes two separate and distinct claims.  The plaintiff's first claim is that the defendant assigned him to a less desirable position, not an equivalent one.  The defendant maintains that the position that the plaintiff held prior to his medical leave was eliminated during a reorganization which occurred while the plaintiff was out on leave and that when the plaintiff returned he was offered an equivalent position which he declined and then was assigned to another position which was also equivalent to his former position.

The plaintiff's second claim under the FMLA is that he was terminated in

---

[5]  Palma v. Pharmedic Communications, Inc., 2002 WL 320932753 *4 (D.Conn.).

4

retaliation for his having taken medical leave.  Termination of employment regardless of whether it is a layoff or discharge qualifies as an adverse employment action and you must find that it is.

With respect to the last element that must be proved for the plaintiff to prevail on his claims that he was retaliated against in violation of the FMLA, the plaintiff must demonstrate by a preponderance of the evidence that the exercise of FMLA rights, in other words, his having taken a medical leave of absence under the FMLA, was a substantial or motivating factor in the defendant's decision to terminate him.[6]  The FMLA does not protect an employee from adverse employment action motivated by the underlying medical condition.[7]

To establish the causation element, the plaintiff does not need to prove that his having taken a medical leave was the only motivation in the defendant's decision or even that it was the primary motivation, only that it played a role in the defendant's decision.[8]  If you find that the plaintiff has failed to establish, by a preponderance of the evidence, that his taking medical leave under the FMLA was a substantial or motivating factor for the defendant's decision to terminate him, your verdict must be against the

---

[6] Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977) ("a retaliatory motive must be at least a 'substantial' or 'motivating factor' behind the adverse action.");  Watson v. E. S. Sutton, Inc., 2005 WL 2170659, *11-12 (S.D.N.Y.);
Medley v. Polk Co., 260 F.3d 1202, 1203-04 (10th Cir. 2001)
[7] Hoge v. Honda of Am. Mfg., Inc. 384 F.3d 238 (6th Cir. 2004)
[8] Rainola v. Bratton, 243 F.3d 610, 625  (2d Cir. 2001) (Title VII retaliation claim)

plaintiff and in favor of the defendant. On the other hand, if you find that the plaintiff's medical leave of absence was a substantial or motivating factor in the decision to terminate him, then your verdict must be for the plaintiff unless you find that the defendant has shown that the plaintiff would have been terminated regardless of whether he took the medical leave of absence. If you find that the taking of the medical leave by the plaintiff was a substantial or motivating factor in the decision to terminate his employment but that the termination would have occurred even if he had not taken the medical leave, then your verdict must be for the defendant.[9]

In deciding whether the leave was a substantial or motivating factor in the defendant's decision to terminate the plaintiff's employment, you may consider all facts and circumstances shown by the evidence.

Comment:  The defendant's position is that the Court should not mention any specific circumstance or circumstances that the jury may consider in deciding the causation issue because doing so necessarily highlights those particular circumstances and gives them undue emphasis to the detriment of other circumstances not specifically mentioned, which would lead the jurors to give undue weight to the specific circumstances singled out by the Court which could be prejudicial. The jurors can apply their common sense and experiences, and a separate instruction covers credibility. If any specific circumstance, for example, temporal proximity, is mentioned, then all circumstances that the jury could consider should be listed to avoid giving undue emphasis to the circumstance(s) singled out by the Court.

It is up to you to decide, based on all of the evidence presented, whether or not the plaintiff has proven that it is more likely than not that the defendant acted with a retaliatory motive. In reaching you conclusion, you must remember that it is not your role to decide

---

[9] Id.

6

whether the defendant treated the plaintiff fairly or unfairly.  You cannot find for the plaintiff simply because you feel sorry for him or to reward him for past services to the defendant or because of some general feeling that he deserved better from her employer or you feel he was not treated fairly. Under the FMLA, an employer has a right to terminate an employee or change an employee's assignment and duties for good reasons, bad reasons, or even for no reason at all, as long as its decision is not based on the employee's having taken a medical leave.   Your sole responsibility is to decide whether the plaintiff was subjected to retaliation because of his having taken a medical leave under the FMLA and if so, whether the defendant would have made the same decisions even if the plaintiff had not taken a medical leave of absence.[10]

As you know, the defendant contends that the plaintiff's reassignment to a new area when he returned from his medical leave was the result of a corporate reorganization.  Employers are entitled to conduct such reorganizations and reductions in their workforces, and it is not for you to question the wisdom of that business decision.  However, if you conclude, based upon the evidence, that the defendant conducted a reorganization and the plaintiff's reassignment and the elimination of his position were part of the reorganization, you may still find for the plaintiff but only if he has proven by a preponderance of the evidence that notwithstanding the reorganization

---

[10]   Reeves v. Sanderson Plumbing Products Inc., 530 US 133, 143 (2000); Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Potenza v. City of New York, 365 F. 3d 165167-168 (2d Cir.2004);  Gordon v. New

his having taken medical leave under the FMLA was a substantial or motivating factor in

the defendant's decisions to reassign and/or terminate his employment and that such

actions would not have been taken if the plaintiff had not taken a medical leave of

absence.[11]

### 3.    ADEA CLAIM

The plaintiff has also brought a claim under a federal law which is known as the

Age Discrimination In Employment Act which I will refer to in these instructions as the

ADEA.  The ADEA provides that "it shall be unlawful for an employer to fail or refuse to

hire or discharge any individual or otherwise discriminate against any individual with

respect to his or her compensation, terms, conditions, or privileges of employment,

because of such individual's age.[12]

Under the ADEA, it is unlawful for an employer to make an employment decision

on the basis of an individual's age when the individual is 40 years of age of older.  The

ADEA does not require an employer to give special, more favorable treatment to

employees who are 40 years of age or older, only not to treat them less favorably

because of their age.

In this case, the plaintiff claims that the defendant discriminated against him

because of his age in two ways.  First, the plaintiff contends that the defendant

---

[11]  York City Board of Education, 232 F.3d. 111 (2d Cir. 2000)
Cronin v.  Aetna Life Insurance Co.,  46 F.3d 196 (2d Cir. 1994); Maresco v.  Evans Chemetics
Division, 964 F.2d 106, 111 (2d Cir. 1992)

discriminated against him by re-assigning him as a region manager to a region farther from his home which contained restaurants that were performing poorly and then when he declined to take that position, by re-assigning him to a temporary region. The plaintiff also claims that the defendant discriminated against him because of his age by subsequently terminating his employment. The defendant denies that age was a factor in its decisions to either reassign the plaintiff or to terminate his employment.

To prevail on his claims that the plaintiff violated the ADEA, the plaintiff must show that an adverse employment action was taken against him because of his age. A plaintiff has suffered an adverse employment action if he endures a "materially adverse change" in the terms and conditions of his employment. A "materially adverse change" must be more destructive than a mere inconvenience or an alteration of job responsibilities. A transfer or reassignment is an adverse employment action under the ADEA if it results in a change of responsibilities so significant as to constitute a setback to the employee's career.[13] As noted above, in this case, the plaintiff is claiming that two separate employment actions adversely affected him. First, the plaintiff is claiming that his reassignment to a different region was an adverse employment action. The defendant denies that the plaintiff's reassignment constituted an adverse employment action. The plaintiff also claims that the termination of his employment was an adverse employment action. Termination of employment, as a matter of law, is a materially adverse

_____

[12]  29 U.S.C. §631(a).

employment action and therefore I am instructing you that you must find that the plaintiff has proved that element.

Under the ADEA, it is unlawful for an employer to terminate an individual's employment or to otherwise taken an adverse employment action against any individual because of such individual's age.

At the time the plaintiff's employment was terminated, he was 51 years of age so it is undisputed that he is entitled to the protections of the ADEA. The ultimate question that you must keep in mind is whether the plaintiff was reassigned or terminated because of his age.

The plaintiff must prove by a preponderance of evidence that age was a substantial and motivating factor, that is that age played a motivating part in the defendant's decision to reassign him to a new area and/or to terminate his employment.

If you find that the plaintiff's re-assignment was a materially adverse employment action and that the plaintiff's age was a motivating factor in the defendant's decision to reassign him, then you must render a verdict in favor of the plaintiff unless you find that the defendant would have taken the same action regardless of the plaintiff's age. If you find that the plaintiff's age was not a motivating factor in Mr. Maglioli's decision to reassign him to a new area or that it was a motivating factor but Mr. Maglioli would have made the same decision even if he had not considered the plaintiff's age, then you must return a

---

[13]  Galabya v. New York City Bd. Of Educ., 202 F.2d 636, 641 (2d Cir. 2000).

verdict for the defendant on the plaintiff's age discrimination claim based on the plaintiff's reassignment.

With respect to the plaintiff's age discrimination claim based on the termination of his employment, if you find that the plaintiff has proved by a preponderance of evidence that age was a substantial motivating factor in Mr. Maglioli's decision to terminate his employment, then you must render a verdict in favor of the plaintiff unless you find that Mr. Maglioli would have made the same decision even if he had not considered the plaintiff's age. I remind you again that the ultimate question you must answer is whether or not the plaintiff was terminated because of his age.

### 4.    CFEPA AGE DISCRIMINATION CLAIM

The plaintiff's third claim is that the defendant's conduct violated the Connecticut law forbidding discrimination on the basis of age. The analysis of whether the plaintiff has proven discrimination by a preponderance of the evidence is the same under state or federal law. Therefore I instruct you that if you find for the plaintiff as to the claim of discrimination in violation of ADEA, you must also enter a verdict for the plaintiff on his claim under the Connecticut Fair Employment Practices Act. Similarly, if you find for the defendant on the first count of discrimination under the ADEA, you must find for the defendant on this claim under state law.[14]

---

[14] <u>Hill v. Pinkerton Security Investigation Services</u>, 977 F.Supp. 148, 153 (D. Conn. 1997); <u>Levy v. CHRO</u>, 236 Conn. 96, 103 (1996).

THE DEFENDANT


Warren L. Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT  06460
(203) 783-1200
Fed. ID #13127
wholcomb@bmdlaw.com

12