**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
GARY BEDOR,                   :
                              :
        Plaintiff,            :
                              :
v.                            :  Civil No. 3:01CV02146(AWT)
                              :
FRIENDLY'S ICE CREAM CORP.,   :
                              :
        Defendant.            :
                              :
------------------------------x
```

**ENDORSEMENT ORDER**

The plaintiff's Motion for Reconsideration (Doc. No. 31) is hereby GRANTED. Upon reconsideration of the decision to grant summary judgment with respect to the plaintiff's disability discrimination claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60, et seq. the court concludes that the defendant is not entitled to summary judgment on either claim, and the judgment in favor of the defendant on each of those claims is hereby VACATED.

With respect to the plaintiff's ADA claim, the defendant argued that the only impairment on which the plaintiff's ADA claim relies is erectile dysfunction. See Defendant's Memorandum of Law in Support of Summary Judgment Motion (Doc. No. 13) at 24. However, upon further review of the papers, the court has focused

on the fact that the plaintiff stated with respect to his ADA claim that "it is clear that the plaintiff's prostate cancer is a physical impairment." Plaintiff's Memorandum in Opposition to Defendant's Motion For Summary Judgment ("Plaintiff's Opposition") (Doc. No. 23) at 38. The court notes that this statement is consistent with the plaintiff's allegation in ¶ 45 of the Complaint that he "has been an individual with a disability since undergoing prostate surgery," i.e., whereas prior to the surgery, the plaintiff only had an impairment, after the surgery he had a disability. With this as the starting point for its analysis, the court concludes that the defendant failed to demonstrate the absence of a genuine issue of material fact as to whether the plaintiff satisfied the ADA's definition of "disability." In addition, for the reasons set forth by the plaintiff at pages 40-42 of the Plaintiff's Opposition, the court concludes that the defendant failed to demonstrate the absence of a genuine issue of material fact as to whether the plaintiff's impairment substantially limited his ability to engage in one or more major life activities.

    With respect to the plaintiff's CFEPA claim, the Motion for Reconsideration is being granted for the reasons set forth by the plaintiff in his supporting memorandum. See Doc. No. 32.

    The parties shall supplement their joint trial memorandum to include the plaintiff's disability claims under the ADA and CFEPA

by no later than March 16, 2006.

    It is so ordered

    Dated this 30th day of January 2006 at Hartford, Connecticut.

                                               /s/
                                    Alvin W. Thompson
                            United States District Judge