UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY BEDOR<br>Plaintiff | CIVIL NO.: 301 CV 2146 (AWT) |
| v. | |
| FRIENDLY'S ICE CREAM<br>CORPORATION<br>Defendant | February 8, 2006 |

## DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7(c)1, defendant Friendly's Ice Cream Corporation moves for reconsideration of the Endorsement Order dated January 30, 2006 [Doc. No. 39] concluding that the defendant is not entitled to summary judgment on the plaintiff's disability discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101 et. seq. and the Connecticut Fair Employment Practice Act ("CFEPA"), Conn. Gen. Stat. §§46a-60 et. seq. and vacating the judgment in favor of the defendant on those claims.

{00036985.DOC}17026\25

The matters which counsel believes the Court overlooked in the Order are set forth in the accompanying memorandum of law in support of this motion.

RESPECTFULLY SUBMITTED

_____
Floyd J. Dugas, Esq.
Warren L. Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT  06460
Fed. I.D. #02478
fdugas@bmdlaw.com

{00036985.DOC}17026\25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY BEDOR<br>    Plaintiff | CIVIL NO.: 301 CV 2146 (AWT) |
| v. | |
| FRIENDLY'S ICE CREAM<br>CORPORATION<br>    Defendant | February 8, 2006 |

DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION

In the Endorsement Order dated January 30, 2006 [Doc. No. 39] granting the plaintiff's Motion for Reconsideration of the original decision to grant summary judgment with respect to the plaintiff's disability discrimination claims under the ADA and the CFEPA, the Court found that "the defendant argued that the only impairment on which the plaintiff's ADA claim relies is erectile dysfunction," but that the plaintiff was also claiming that his prostate cancer is a physical impairment. The Court concluded that "the defendant failed to demonstrate the absence of a genuine issue of material fact as to whether the plaintiff's impairment [i.e. cancer] substantially limited his ability to engage in one or more major life activities [i.e. sexual intercourse]." (Endorsement Order [Doc. No. 39] at 2)

The defendant respectfully moves for reconsideration of Endorsement Order vacating the judgment in favor of the defendant on the ADA and CFEPA claims on the ground that the record evidence shows there is no triable issue as

1

to the fact that the plaintiff did not have cancer at the time the alleged discrimination occurred and therefore as a matter of law he was not disabled.

The confusion is understandable. However, the overlooked key point is that the plaintiff conceded that the surgery he underwent in March of 2000 to remove his prostate cancer was successful, which meant that at all times after his surgery he was cancer-free. At his deposition taken on March 15, 2002, the plaintiff was asked, "At this point, is that a non-issue in the sense that there is no current active cancer and that the surgery resolved that issue? (Plaintiff's depo. p. 115) The plaintiff answered, "Yes, it has. It's been good. I'll be going for another checkup in a month and then have a one-year checkup after that." Id. pp. 115-16. No. 54 of the Defendant's Local Rule 9(c)1 Statement states, in part, as a fact upon which the defendant contends there is no genuine issue of material fact, "The plaintiff's prostate surgery was successful and since the surgery the plaintiff has been asymptomatic of cancer." (Defendant's Local Rule 9(c)1 Statement, no. 54, p. 18) The plaintiff admitted that his prostate surgery was successful. (Plaintiff's Local Rule 56(a)2 Statement, no. 54, p. 16 ("...It is admitted that the Plaintiff's prostate surgery was successful.").[1] <u>There is not one iota of evidence that the plaintiff ever had cancer after all of his prior cancer was successfully removed by the prostate surgery.</u>[2]

---

[1] The plaintiff did not admit that he had been asymptomatic of cancer since the successful cancer removal surgery, but offered no evidence that his former prostate cancer was not completely removed by the surgical procedure or had subsequently returned. Indeed, his deposition testimony demonstrates that the successful surgical procedure eradicated the prior cancer and that the plaintiff has been cancer-free since his surgery.

[2] That the plaintiff may not have known at the time of the adverse employment actions that his cancer had been completely eradicated by the surgery (see Defendant's Memorandum in Opposition to Summary Judgment Motion at 41) does not change the uncontroverted fact that his cancer was completely eradicated by the surgery.

2

As the plaintiff correctly observed at page 40 of his opposition memorandum (Doc. No. 23), "[t]he focus of the inquiry must be on whether the Plaintiff met the definition of a disabled individual at the time the adverse action occurred." He did not. The Defendant has demonstrated that no triable issue exists as to whether the Plaintiff's surgery to remove his prostate cancer was successful, and there is not a shred of evidence that the plaintiff had cancer at any time following March 2000 when he underwent successful prostate cancer surgery. Thus, there is no genuine issue of material fact as to whether at any time after his return to work following his successful surgery, including when he was assigned to an allegedly poor performing district and later terminated, the plaintiff even had cancer. The undisputed evidence establishes he did not.

Based on the plaintiff's concession that the surgery he underwent to remove his prostate cancer was successful, the defendant did not argue that the plaintiff's <u>former</u> cancer condition was an impairment on which the plaintiff's ADA claim relied. The former cancer condition could not possibly be an impairment under the ADA because it no longer existed at the time of the alleged discriminatory acts. The defendant in his supporting memorandum thus gave the no longer extant cancer cursory mention by stating, "In the instant case, the plaintiff had prostate cancer, and on March 1, 2000 he underwent prostate surgery which was successful and left him cancer-free. By the time of the plaintiff's termination, he was cancer-free, or at least completely asymptomatic." (Defendant's Memorandum of Law in Support of Summary Judgment Motion, Doc. No. 13 at p. 24)

3

"A person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently substantially limits a major life activity. " Sutton v. United Airlines, Inc., 527 U.S. 471, 482-83 (1999). Here, the undisputed evidence demonstrates that the plaintiff's former cancer impairment was totally corrected, i.e. completely removed, by surgery prior to any of the adverse employment actions. Because the plaintiff did not have cancer when the alleged discriminatory acts occurred, the defendant perforce focused on the alleged erectile dysfunction as being the only physical impairment upon which the plaintiff based his ADA claims and on the alleged limited ability to engage in sexual intercourse as being the purported major life activity the plaintiff was claiming was substantially limited. (Defendant's Memorandum of Law in Support of Summary Judgment Motion (Doc. No. 13) at page 24).

In his memorandum in support of motion for reconsideration (Doc. No. 32), the plaintiff points out that "state law defines a 'physically disabled' individual" as one "who has any chronic physical…impairment, whether congenital or resulting from…illness…" Conn. Gen. Stat. §46a-51(15). The CFEPA does not define the term, "chronic", and the Connecticut Supreme Court has not addressed the meaning of that term. However, courts have applied the dictionary definition of the word "chronic" in the CFEPA as meaning of long duration. Caruso v. Siemens Business Communications, Inc., 2004 WL 235365 (D.Conn.) and cases cited therein. In the instant case, there is no evidence that the plaintiff's cancer condition was of long duration. Furthermore, the determination of whether a person is disabled under the CFEPA, as under the ADA, must be made at the time of the

4

alleged adverse employment actions. Id. Here, at the time of the alleged discrimination, the plaintiff's former prostate cancer had been completely eradicated as a result of the prior successful surgery.

The cases cited by the plaintiff in his memorandum in support of motion for reconsideration are distinguishable and do not stand for the proposition that cancer is a per se physical disability under the CFEPA. Mills v. Re/Max Heritage, 2005 WL 941400 (Conn. Super.) is distinguishable because that case involved a motion to strike in which the allegations of the complaint must be construed in the light most favorable to the plaintiff. In Ferrucci v. Southern New England Telephone Co., 2005 WL 2207709 (Conn. Super.), the plaintiff alleged that he was discharged "due to his physical disability resulting from prostrate [sic] cancer." Id. *1. While the procedural context was a summary judgment motion, there was no discussion by the court in Ferucci as to what the alleged physical disability resulting from prostate cancer consisted of. The court concluded, without discussion, that the plaintiff in that case was a member of a protected group for purposes of the disability discrimination claim. Id. *2. The Ferrucci case offers no guidance because neither the nature of the prostate cancer treatment that the plaintiff received nor the alleged "physical disability resulting from prostate cancer" was not even identified or described, let alone discussed. By contrast, in the instant case, the treatment the plaintiff received was surgery to remove the cancer, and the uncontested evidence shows that the surgery was successful. Furthermore, whether erectile dysfunction was an impairment or an alleged limitation of a major life activity, it is undisputed

5

that the defendant was unaware of the plaintiff's alleged erectile dysfunction at the time of the alleged discriminatory acts.

For the foregoing reasons, the defendant respectfully requests the Court to reconsider its decision that the defendant is not entitled to summary judgment on the plaintiff's disability discrimination claims under the ADA and CFEPA and to grant summary judgment and enter judgment in favor of the defendant on said claims.

THE DEFENDANT

_____
Floyd J. Dugas, Esq.
Warren L. Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200
Fed. I.D. #02478
fudgas@bmdlaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing Motion for Reconsideration and supporting memorandum of law was mailed this date, first class mail, postage prepaid, to the following:

Thomas W. Meiklejohn, Esq.
BetzBeth Sanchez, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

_____
Floyd J. Dugas, Esq.