UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY BEDOR | : | CIVIL ACTION NO. |
| Plaintiff, | : | 301CV2146 (AWT) |
| | : | |
| v. | : | |
| | : | |
| FRIENDLY ICE CREAM CORPORATION, | : | |
| Defendant. | : | March 27, 2006 |

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION FOR RECONSIDERATION
------

The determination of whether an individual is disabled under the ADA must be made on an individualized, case-by-case basis. Toyota Motor Mfg., Ky, Inc. v. Williams, 434 U.S. 184, 198 (2002); Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1999). This case illustrates the importance of focusing on the specific facts at hand.

The salient facts are undisputed. The plaintiff was diagnosed with prostate cancer in late September of 1999 and underwent a radical prostatectomy during which his prostate was removed. It is undisputed that the surgery was a complete success. (Local Rule 56(a) Statements, no. 54). There is no evidence that the plaintiff had cancer in any part of his body other than his prostate. When his prostate was surgically removed, so was all of the cancer, and there is no evidence that the plaintiff had cancer at any time following the successful surgery. Thus, the plaintiff's cancer in the instant case was not in remission, but instead was completely eradicated by the surgical procedure.

{00061319.DOC}

Simply put, at the time of the allegedly discriminatory adverse employment actions, the plaintiff did not have cancer.

The plaintiff seeks to obscure this critical fact by using the nomenclature "active" and "no longer active" to inaccurately describe the plaintiff's respective conditions pre-surgery when he had cancer and post surgery when he was cancer-free. On page 4 of his opposition memorandum, the plaintiff states, "While it is true that the Plaintiff did not have active cancer at the time of the adverse employment actions, a reasonable trier of fact could find that his cancer, albeit no longer active, rendered him disabled within the meaning of the ADA because he was substantially limited with respect to the major life activity of sexual relations as a result of his cancer treatment." The use by the plaintiff of the terms "active" and "no longer active" to describe the cancer is a semantic ploy. Describing the plaintiff's cancer as "no longer active" presupposes at the time that the plaintiff still had cancer. He did not. At all times after the successful prostate surgery and at all times after the plaintiff returned to work in May of 2000, he did not have cancer.

The defendant is not contending as the plaintiff asserts that since the plaintiff did not have "active" cancer at the time of the adverse acts, his cancer could not be an impairment which resulted in a substantial limitation of a major life activity. (Opposition Memorandum, p. 6) Rather, the defendant's position is that based on the undisputed facts establishing that the plaintiff <u>did not have cancer at all</u> at the time of the adverse acts, his no longer extant cancer could not be an impairment under the ADA.

2

Of course, in some situations side effects from treatment of a prior impairment may cause a new, separate and current impairment, but in such instances, the side effect experienced as a consequence of the treatment, not the prior, no longer extant condition for which the treatment was given, constitutes the impairment under the ADA.[1] See Whitney v. Greenberg, Rosenblatt, Kull & Bitsoli, P.C., 258 F.3d 30 (1st Cir. 2001), (dementia resulting from chemotherapy treatment administered 18 months earlier assumed to be a mental impairment under the ADA); Gordon v. E.L. Hamm & Assocs., 100 F.3d 907, 912 (11th Cir. 1996) (assuming the side effects suffered as a consequence of chemotherapy to be an impairment under the ADA).

The cases cited by the plaintiff are distinguishable. As noted above, in Gordon v. E.L. Hamm & Assocs., Inc., 100 F.3d 907 (11th Cir. 1996), the plaintiff contended that the side effects he suffered as a result of chemotherapy treatments for shoulder cancer, not the cancer itself, qualified as "physical impairments" under the ADA. The other cases relied on by the plaintiff are not factually on point because in all of them cancer disease was still present, albeit in some cases it was in remission. None of the decisions relied on by the plaintiff

---

[1] Because the plaintiff no longer had cancer when the allegedly discriminatory adverse employment actions were taken, the defendant in its motion for summary judgment assumed that disability claimed in this case was the plaintiff's temporary urinary incontinence and erectile dysfunction. The plaintiff alleged in paragraph 55 of his Complaint but has not pressed his "regarded as disabled" claim. In any event, it is clear that the defendant could not have regarded the plaintiff as being disabled within the meaning of the ADA because the defendant was unaware of the conditions which the plaintiff contends substantially limited major life functions. See Francis v. City of Meriden, 129 F.3d 281, 284-86 (2d Cir. 1997). As stated by this Court's in its Memorandum of Decision on the Defendant's Summary Judgment Motion (Doc. #30, p. 33), "it is undisputed that at the time the adverse employment actions were taken, the defendant was unaware of the plaintiff's post-operative urinary incontinence and erectile dysfunction, and consequently there was no genuine issue of material fact as to whether the defendant took those adverse actions "because of" those conditions." Id.

3

involved circumstances like those in the instant case in which the employee's cancer was completely removed and cured.

Keller v. Board of Educ. of the City of Albuquerque, 182 F.Supp. 2d 1148 (D.N.M. 2001) cited at page 7 of the plaintiff's opposition memorandum involved a plaintiff with breast cancer who was substantially limited in the major life activity of sexual intercourse as a result of the side effects of a prescription medication she took to treat her disease. Id., 1155-56. In that case, the plaintiff had undergone surgery to have a cancerous tumor removed from her breast, but the cancer was not eradicated as shown by the fact that post surgery, she continued taking medication which prevented estrogen from attaching to receptors on breast cancer cells. Id. The plaintiff in Keller, unlike the plaintiff in the instant case, at all material times had cancer.

In EEOC v. Gallagher, 181 F.3d 645 (5th Cir. 1999), the plaintiff had myelodysplastic syndrome (MDS), a form of blood cancer, which following a series of chemotherapy treatments was in "complete remission". The Court did not address the issue of whether MDS was a qualifying impairment under the ADA because the defendant employer in Gallagher conceded that it was. Gallagher is distinguishable from the instant case because when cancer is in remission, the disease is present but its symptoms have abated or subsided. See Blakiston's Gould Medical Dictionary, 1179 (4th ed. 1979) (defining "remission" as "1. abatement or substance of the symptoms of disease. 2. the period of diminution thereof.") In the instant case, the plaintiff's prostate cancer was not in remission, it was gone altogether. Similarly, in Vendetta v. Bell

4

Atlantic Corp., 198 WL 575111 at *7 (D.Pa. 1998), cited by the plaintiff at page 8 of his opposition, the plaintiff experienced side effects from her chemotherapy treatment she received during the period when her cancer continued to exist but was in remission.

In Demarah v. Texaco Group, Inc., 888 F.Supp. 2d 1150 (D.Col. 2000), cited at page 8 of the opposition memorandum, the plaintiff suffered from breast cancer and during a three-year period underwent a number of surgeries and treatments, including chemotherapy. In that case, the plaintiff's cancer was in remission at the time of trial, but was not in remission during the times of the alleged discrimination and retaliation. Id. at 1155.

The Hawaiian District Court in Leicht v. Hawaiian Airlines, Inc., 77 F.Supp. 2d 1134, 1137 (D. Hawaii 1999) went one step further by assuming that cancer in remission did not qualify as an ADA impairment. Leicht is also readily distinguishable factually because there the plaintiff was diagnosed with lung cancer and told at the time he had less than a one percent chance of survival and only a couple of months to live. Four months later, the plaintiff's lung cancer miraculously was in remission. Due to the extreme severity of the plaintiff's condition, the Court held that notwithstanding the short and temporary duration of the impairment, it could not conclude, as a matter of law, that cancer that was life-threatening for four months did not constitute a disability under the ADA.[2] Id.

---

[2] More recently, the United States Supreme Court has made it abundantly clear that only "permanent or long term" conditions qualify as impairments upon which a disability within the meaning of the ADA may be based. Toyota Motor Mfg., supra, 534 U.S. at 198. See also Colwell v. Suffolk County Police Dep't., 158 F.3d 635, 636 (2d Cir. 1998) cert denied, 119 S.Ct. 1253 (1999)( Finding a temporary impairment of seven months to be "too short [in] duration…to be 'substantially limiting.' ")

5

at 1148.  In so holding, the Court in <u>Leicht v. Hawaiian Airlines, Inc.</u> presupposed that once cancer was in remission, it no longer qualified as an impairment.

In conclusion, based on the factual circumstances of the instant case where all of the cancer in the plaintiff's body was surgically removed and thereafter no evidence was adduced of cancer being present in any other part of his body, the plaintiff's cancer condition cannot qualify as an impairment under the ADA for the simple reason that it did not exist at the time the alleged discriminatory adverse employment actions were taken by the defendant. Accordingly, the defendant respectfully submits that this Court's ruling granting summary judgment in favor of the defendant on the ADA and CCHRO disability claims was correct and should be reinstated.

                                               Respectfully submitted on behalf of
                                               Defendant Friendly's Ice Cream Corp.

                                               By: _____
                                                   Warren L. Holcomb
                                                   Berchem, Moses & Devlin, P.C.
                                                   75 Broad Street
                                                   Milford, CT 06460
                                                   203-783-1200

## CERTIFICATION

This is to certify that a copy of the foregoing Reply was mailed on March 27, 2005, postage prepaid, to the following counsel of record:

Thomas W. Meiklejohn, Esq.
BetzBeth Sanchez, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

_____
Warren L. Holcomb