**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY BEDOR | : | CIVIL ACTION NO. |
| Plaintiff, | : | 301CV2146 (AWT) |
| | : | |
| v. | : | |
| | : | |
| FRIENDLY ICE CREAM CORPORATION, | : | |
| Defendant. | : | March 29, 2006 |
| _____ | : | |

## AMENDED JOINT TRIAL MEMORANDUM

1.  **Trial Counsel**

For Plaintiff:
    Thomas W. Meiklejohn ct08755
    Mary E. Kelly ct07419
    Livingston, Adler, Pulda, Meiklejohn & Kelly
    557 Prospect Ave.
    Hartford, CT. 06105
    (860)233-9821

For Defendant:
    Floyd J. Dugas ct02478
    Warren L. Holcomb ct13127
    Berchem, Moses & Devlin, P.C.
    75 Broad Street
    Milford, CT 06460
    (860) 203-783-1200

2.  **Jurisdiction**

This court has jurisdiction over the Plaintiff's claims under federal law: the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. 621 et seq and the Family Medical Leave Act ("the "FMLA"), 29 U.S.C. 2612, et seq and the Americans with Disabilities Act ("the ADA") 42 U.S.C. § 1201 et seq .

The Court has supplemental jurisdiction over the Plaintiff's state law claims of age and disability discrimination, which arise under the Connecticut Fair Employment Practices Act ("the CFEPA").

3. **Jury/Non-jury**

This is a jury trial.

4. **Nature of Case**

Five claims are to go to trial, all related to the termination of the Plaintiff's employment.

In the first count, the Plaintiff contends that when he returned to work from a medical leave of absence he was assigned to a poor performing district far from his home, and, when he was medically unable to accept that position, he was assigned to a temporary district. The Plaintiff contends that his age was a motivating factor in the decision to transfer him and in the decision to terminate his employment shortly thereafter. The Plaintiff contends that this conduct violated the ADEA. The Plaintiff seeks an award of damages including lost wages and benefits, liquidated damages, equitable relief in the form of an order of reinstatement and/or front pay; and an award of attorneys' fees and costs.

In the second count, the Plaintiff raises the same allegations under CFEPA. Under state law, he seeks damages in the nature of lost wages and benefits, and compensatory and punitive damages, as well as equitable relief in the form of an order of reinstatement and front pay and an award of attorneys' fees and costs.

The third count is brought under the FMLA. The Plaintiff alleges that the fact that he took a medical leave under the FMLA was a factor in the Defendant's decision to transfer him to what the plaintiff claims was a poor performing district, far from his home and in the decision to terminate his employment shortly thereafter. He seeks damages in the nature of lost wages and benefits, and liquidated damages as well as equitable relief in the form of an order of reinstatement and front pay and an award of attorneys' fees and costs.

The fourth and fifth counts raise claims of disability discrimination under federal and state law, the ADA and CFEPA respectively. The reason the Plaintiff took leave under the FMLA was to obtain treatment for his prostate cancer. He contends that this cancer constitutes a disability under the ADA and CFEPA, and that his cancer was also a factor in the decision to terminate him. He seeks damages in the nature of lost wages and benefits, and compensatory and punitive damages, equitable relief in the form of reinstatement and/or front pay, and an award of attorneys' fees and costs.

5. **Stipulations of Fact**

    A.    The Plaintiff is an "employee" within the meaning of the ADEA and the FMLA.

    B.    The Defendant is an "employer" within the meaning of the ADEA and the FMLA.

    C.    The Plaintiff was hired by the Defendant on December 10, 1966. During his career plaintiff worked in New Jersey, Maryland, Ohio as well as Connecticut.

    D.    The Plaintiff was granted and took an approved leave of absence under the FMLA for the period March 1, 2000 until May 15, 2000.

    E.    During the period when the Plaintiff was on medical leave, the Defendant underwent a reorganization. The Defendant reorganized its twelve divisions into seven regions. The districts within these regions were reorganized into different groupings of restaurants.

    F.    Michael Maglioli, the Defendant's Vice President of Restaurant Operations, made the decisions as to which individual district managers would be terminated.

    G.    The Defendant terminated the Plaintiff's employment on August 8, 2000.

6. **Plaintiff's Factual Contentions**

The Plaintiff began working for Friendly Ice Cream Corporation in December 1966, while he was still in high school, as a dishwasher/ fountain person. He advanced through the defendant's hierarchy to the level of District Manager, overseeing a group of six to nine restaurants. He continued to be a highly regarded manager, receiving favorable evaluations, until February 2000, when he took leave under the Family and Medical Leave Act ("the FMLA") for prostate cancer surgery. While he was on leave, he was transferred from a district near his home to a poorly performing district located an hour and one half drive from his home. When he obtained a doctor's note, indicating that the

increased travel associated with this new territory would interfere with his recovery from the surgery, he was given a temporary assignment to another district. After a couple of months, this temporary assignment was ended and he was let go.

With respect to his claims of age discrimination under state and federal law, the Plaintiff contends that the stores that he had previously overseen were assigned to younger managers, that younger managers were reassigned to stores closer to their homes, that younger managers whose performance was poorer were retained, and that the Defendant hired new, younger district managers shortly after terminating the Plaintiff.

With respect to the Plaintiff's FMLA and disability claims, the Plaintiff contends that he was highly regarded before he took leave for prostate surgery, and that the Defendant overlooked a problem in one of his restaurants because of his long service and the quality of his work. He was diagnosed with cancer and took leave to have surgery to remove his prostate. As a consequence of the cancer and surgery, he is disabled under the law. When he was on leave, he was transferred to the poor performing restaurants, far from his home, while district managers who were not on Family Medical Leave to be treated for a disability were moved to restaurants closer to their homes. Maglioli admits that another district manager was let go because that other district manager was on disability leave. Managers who performed more poorly but who had not taken Family Medical Leave were retained when the Plaintiff was terminated. New

5

district managers were hired soon after the Plaintiff was terminated, although the Plaintiff was told that he was terminated due to lack of work.

The explanations given by the Defendant for the Plaintiff's termination are not credible.

7. **Defendant's Factual Contentions**

Beginning in approximately 2000 the defendant began a major downsizing and reorganization due to its dire financial condition.  In 2000 more than 100 restaurants were closed, 71 of which were closed on March 26, 2000.  Over the next year and half, Friendly's continued to close and franchise underperforming restaurants, reducing the number of restaurants company-wide from approximately 600 to 450.  The 16 geographic divisions were reduced to seven regions and the districts within each new region were reconfigured.  Michael Maglioli then the Vice President of Restaurant Operations oversaw the realignment.  The plaintiff received two successively less favorable annual performance appraisals for 1998 and 1999.  In 1999 one of the restaurants under the plaintiff's supervision was found to have serious wage and hour violations which resulted in Friendly's having to pay substantial wages and penalties and the general manager of that restaurant being discharged.  The plaintiff would also have been discharged but because of his many years of service, he was given a second chance and placed on a 90-day probation.   Although plaintiff completed the probationary period, he knew there were concerns about his job performance.

In March of 2000, the plaintiff was granted a 10 ½ week paid medical/FMLA leave to undergo and recuperate from surgery. The plaintiff was the district manager for a district in the Hartford/Springfield area. Three of the six restaurants in his district were identified by senior management as underperforming and were slated to be closed. Two of the three closed in 2000 and one closed in early 2001. Maglioli was going to terminate the plaintiff but changed his mind when a district opened in Massachusetts. The plaintiff refused to accept that assignment and Maglioli agreed to revoke the assignment and created a new incremental district in the Hartford area and an unbudgeted district manager position for the plaintiff to accommodate his request to be assigned to a district closer to his home. Plaintiff never actually worked in the Massachusetts assignment.

During plaintiff's absence, and in connection with the efforts to reverse Friendly's financial problems, a number of new procedures and higher expectations were adopted for district managers. One such procedure required managers to go through an inspection routine upon entering a restaurant.

Subsequent to the plaintiff returning from his leave of absence, Maglioli learned that he had made negative remarks about new procedures that had been implemented by Friendly's. In late July 2000 Maglioli paid an unannounced visit to one of plaintiff's restaurants. The plaintiff did not have the daily check list routine form on his person and admitted to not having done the required procedure. Deficiencies were noted. On August 8, 2000, the plaintiff's employment was terminated. Although plaintiff's performance was a factor,

7

Maglioli decided to treat the termination as part of the reduction in force in order that Bedor would be eligible for severance benefits. Neither the plaintiff's age nor the fact that he had taken FMLA leave played any role in that decision. Maglioli is two years older than the plaintiff and was 53 years of age at the time. Friendly's has hired district managers after that who were older than the plaintiff. The plaintiff was not disabled within the meaning of the ADA or CCHRO. The transfer and subsequent termination of the plaintiff's employment had nothing to do with his prior FMLA leave or his alleged disability.

8. **Legal Issues**

Was the Plaintiff's age a motivating factor in the decision to terminate his employment?

Did the Defendant act willfully in terminating the Plaintiff because of his age?

Was the Plaintiff terminated in whole or in part because he exercised his right to take leave under the FMLA?

Had the Defendant established that it acted in good faith and had reasonable grounds for believing that its conduct did not violate the FMLA?

Whether the Plaintiff was an individual with a disability within the meaning of the ADA at the time he was terminated by the Defendant.

Whether the Plaintiff had a physical disability within the meaning of CFEPA.

Whether the Plaintiff's disability was a motivating factor in his termination.

What damages were suffered by the Plaintiff as a consequence of his termination?

9. **Voir Dire Questions**

See Plaintiff's Proposed Voir Dire questions, attached.

See Defendant's Proposed Voir Dire questions attached.

10. **List of Witnesses**

10a. **Plaintiff's List of Witnesses**

    a. **Gary Bedor**, 17 Pioneer Drive, Ellington, Connecticut, will testify regarding his employment with the Defendant, his performance, the events leading to his reassignment, the events leading to his termination, and his damages.

    b. **Richard Damarjian**, 52 Brynmawr Drive, East Longmeadow, MA. 01028, will testify regarding the Plaintiff's performance as a District Manager, the restructuring of the Defendant's operations, his communications with Michael Maglioli regarding the Plaintiff, and the Defendant's personnel practices.

    c. **Perry Phillips** 101 Coventry Rd., Mansfield, CT. 06250 will testify about the Plaintiff's employment with the Defendant, the Defendant's policies, and the reorganization of the Defendant's operations in 2000.

    d. **Gary Glenn** 59 Center St., Granby, MA. 01033 will testify about the Plaintiff's employment with the Defendant, the Defendant's

policies, and the reorganization of the Defendant's operations in 2000.

e. **Thomas Cebula**, 10 Kensington Dr., Wilbraham, MA. 01095 will testify about the Plaintiff's employment with the Defendant, the Defendant's policies, and the reorganization of the Defendant's operations in 2000.

f. **Thomas Masi,** 14 Herrick Place, Wilbraham, MA 01095 will testify about the Plaintiff's employment with the Defendant, the Defendant's policies, and the reorganization of the Defendant's operations in 2000.

g. **Marie Bedor**, 17 Pioneer Drive, Ellington, Connecticut will testify about the Plaintiff's employment with the Defendant, the effects of his cancer surgery, and his damages.

h. **Corinne Collins,** Livingston, Adler, Pulda, Meiklejohn & Kelly, 557 Prospect Ave., Hartford, CT. 06105 will testify regarding preparation of the chart showing driving distances.

i. **Cheryl Huthcinson**, Human Resources Manager, Friendly Ice Cream Corporation, 1855 Boston Road, Wilbraham, MA  01095, will identify certain of the Defendant's personnel records.

j. **Dr. Vincent Laudone,** Connecticut Surgical Group, 85 Seymour St. #416, Hartford, CT 06106 will testify regarding the Plaintiff's cancer, his surgery, and the consequences of the surgery.

10b. **Defendant's List of Witnesses**

1. **Michael Maglioli**, (former Vice President), 91 Sherwood Drive, Glastonbury, CT 06033, will testify regarding Friendly's downsizing and restructure, plaintiff's performance, and the reason for his termination.

2. **John Cutter**, President of Friendly's, 1855 Boston Road, Wilbraham, MA 01095, will testify to Friendly's restructuring the new standards applicable to district managers, and the circumstances surrounding the incident which resulted in plaintiff's termination.

3. **Gerry Sinsigalli** (former President of Food Service), 52 Twin Hills Drive, Long Meadow, MA 01106, will testify to perception as to plaintiff's failure to embrace Friendly's new expectation for district managers and what he told Maglioli about the plaintiff.

4. **Jack Lutrell**, Director of Restaurant Advertising, 55 Burleigh Road, Wilbraham, MA 01905, will testify as to plaintiff's failure to embrace Friendly's new expectations for district managers.

5. **Cheryl Hutchinson**, Human Resources Manager, Friendly Ice Cream Corporation, 1855 Boston Road, Wilbraham, MA

01095, will testify as to the reasons for plaintiff's termination and the decision to treat him as part of the reorganization. She may also testify regarding the reorganization and realignment, the resulting reductions in force, including district managers who were terminated, and authenticate and lay the foundation for various exhibits and documents.

6. **Lionel Bisson**, Director of Training, Friendly Ice Cream Corporation, 1855 Boston Road, Wilbraham, MA 01095, will testify as to the events resulting in plaintiff's termination.

11. **Exhibits**

11a. **Plaintiff's Exhibits**

1. District Manager Performance Appraisal Form for Gary Bedor covering the period 12/1/95 to 11/30/96.

2. District Manager Performance Appraisal Form for Gary Bedor covering the period 12/96 to 12/97.

3. District Manager Performance Appraisal Form for Gary Bedor covering the period 1/98 to 11/98.

4. Company Confidential Discipline/Probation Notice dated 8/14/99.

5. District Manager Performance Appraisal Form for Gary Bedor covering the period 1/99 to 12/99.

6. Friendly Ice Cream Corporation District Cash Flow Over (Under) Budget and Prior Year Ranking for the YTD Ended January 2, 2000.

7. Family and Medical Leave Act – Employee Application Form

8. Division 5 Alignment

9. Region 3 Alignment

10. Region 7 Alignment

11. Mystery Shops Customer Service Evaluation District Ranking, 2/6/00 – 3/14/00

12. Letter dated April 28, 2000 from Vincent P. Laudone to Michael Maglioli.

13. Letter from Kenneth S. Milley addressed "To whom it may concern."

    **Objection**:  Irrelevant.

14. E-mail dated August 15, 2000 from Cheryl Hutchinson to Rich Damarjian et al.

15. List of District Manager New Hires for the period September 2000 through May 2001.

16. List of Ages of District Managers

17. Defendant's Response to Interrogatory Number 13.

18. District Manager Performance Appraisal Form for Angela Mastropolo covering the period 10/98 to 10/99.

19. Employee Information Forms showing salary increases received by Gary Bedor.

20. Plaintiff's interim earnings records.

21. Benefit books.

22. Chart showing average driving distances from District Managers homes to restaurants in their districts.
    a. Telephone directory showing home location of local interchanges.
    b. Yahoo Driving Distance reports.
    c. Records showing addresses.

    **Objection:**  Lack of foundation, hearsay.

23. Personnel Action Form for Steve Sismanoglou effective 10/4/99.

      24.      Medical Records of the Plaintiff.

11b.  **Defendant's Exhibits**

- A. District Manager Performance Appraisal Form for Gary Bedor covering the period 12/96 to 12/97.

- B. District Manager Performance Appraisal Form for Gary Bedor covering the period 1/98 to 11/98.

- C. District Manager Performance Appraisal Form for Gary Bedor covering the period 1/99 to 12/99.

- D. Company Confidential Discipline/Probation Notice dated 8/14/99. (2 pages)

- E. District Manager Routine - Daily – form TR-655 dated 1/00

- F. 2000 Closing Summary for period ending 12/31/00 (7 pages)

- G. 2001 Closing Summary for pay period end 12/31/01 (2 pages)

- H. Number of Friendly Restaurants Analysis of 2000 Activity as of 12/31/00

- I. Number of Friendly Restaurants Analysis of 2000 Activity as of 12/30/01

- J. Division 5 Alignment

- K. Region 3 Alignment

- L. Region 7 Alignment

- M. List of District Manager New Hires for the period September 2000 through May 2001.

- N. List of Ages of District Managers

  O. Chart compilation of Bedor performance evaluations 1996-1999.

    **OBJECTION**: Rules of Evidence 1002 and 1006.

  P. List of ages of employees promoted to district manager from January 2000 through April 2001.

    **OBJECTION**: Irrelevant; Lack of Foundation.

12. **Deposition Testimony**

The Plaintiff will offer the following deposition testimony as part of his case-in chief:

**Dr. Vincent Laudone**:  pp. 18, 22-23, 47-48

**Michael Maglioli**:  pp. 38, 45-47, 56, 70, 79

Under F.R.Civ.P.32(a)(4), the defendant will introduce the following portions of Maglioli's deposition:  p 36, line 23-p.50, line 15; p. 54, line 4-56; p. 67, line 9-p.62, line 21; p. 77, line 20-p. 79, line 23.

**John Cutter:**  pp. 44-47

With respect to Cutter's answer "I don't remember making that comment, but it's possible", the defendant moves to strike the second phrase as speculation.

13. **Requests for Jury Instructions**

See Plaintiff's Proposed Jury Instructions, attached.

See Defendant's Proposed Jury Instructions, attached.

14. **Evidentiary Problems**

Neither party anticipates any evidentiary issues.

15

15. **Proposed Findings and Conclusions**

    Not applicable

16. **Trial Time**

    The parties anticipate that trial of this matter will require 3-4 days, exclusive of jury deliberations.

17. **Further Proceedings**

    Defendant's Motion for Reconsideration of the decision granting summary judgment with respect to his claims of discrimination based upon disability is pending before the court. The Plaintiff has filed Opposition to the Defendant's Motion for Reconsideration.

18. **Trial by Magistrate**

    The parties are agreeable to trial by magistrate.

|   |   |
|---|---|
| THE PLAINTIFF | THE DEFENDANT |
| By:_____/s/_____ | By:_____/s/_____ |
| Thomas W. Meiklejohn  ct#08755<br>Mary E. Kelly ct #07419<br>Livingston, Adler, Pulda,<br>P.C. Meiklejohn & Kelly, P.C.<br>557 Prospect Avenue<br>Hartford, CT 06105<br>(860) 233-9821 | Floyd J. Dugas ct#0247<br>Warren L. Holcomb ct #13127<br>Berchem, Moses & Devlin, P.C.<br>75 Broad Street<br>Milford, CT 06460<br>(860) 203-783-1200 |

## **CERTIFICATION OF SERVICE**

   This hereby certifies that the foregoing Amended Joint Trial Memorandum was hand delivered on this 29th day of March 2006, to all counsel of record as follows:

Warren L. Holcomb
Floyd J. Dugas
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

                   _____/s/_____
                   Thomas W. Meiklejohn