**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY BEDOR | : | CIVIL ACTION NO. |
| Plaintiff, | : | 301CV2146 (AWT) |
| v. | : | |
| FRIENDLY ICE CREAM CORPORATION, | : | |
| Defendant. | : | March 29, 2006 |

## PLAINTIFF'S PROPOSED CHARGE TO THE JURY

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Pre-trial Order, the Plaintiff, Gary Bedor, submits the following proposed jury instructions. The Plaintiff reserves his right to amend these proposed instructions in response to events which occur during the course of the trial.

## 1. **BASIS OF SUIT**

The Plaintiff, Gary Bedor, claims that the Defendant, Friendly Ice Cream Corporation violated a federal statute known as the Family and Medical Leave Act, by retaliating against him for having taken a medical leave of absence.  The Plaintiff also claims that the Defendant discriminated against him because of his age and his disability in violation of federal statutes known as the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act ( ADA) and a Connecticut statute known as the Connecticut Fair Employment Practices Act.

Specifically, he asserts that the Defendant terminated him because of his age, his prostate cancer  and/or because he had taken a medical leave to be treated for prostate cancer.  Each of these claims is separate and distinct.  That is, you may find a violation with respect to one or more of these claims without finding a violation with respect to another claim.  For example, you may find that the Plaintiff was retaliated against for taking a medical leave but not discriminated against because of his age or disability, or you may find that he was both retaliated against and discriminated against or you may find that he was neither retaliated against or discriminated against.  You should consider each of these claims separately.  I will separately explain the law with respect to each claim.

2. **GENERAL PRINCIPLES OF AGENCY** (Supplement to Court's Standard Instructions)

The Defendant in this action is a corporation, and acts through its employees. It is established law that under certain circumstances an employer may be liable for the wrongs, even wilful wrongs, done by its representatives if the wrongs are committed during the scope of the employees' employment duties and in furtherance of the employer's business. The employer's liability rests upon a broad principle of public policy, that if a corporation prefers to manage its affairs through others, the corporation is bound to manage them in such a way that no person shall suffer injury from a wrong done by that other, while engaged upon the employer's business and acting within the scope of his employment.

The fact that the employee was not specifically authorized to commit the act, or was even violating instructions which had been given to him does not relieve the corporation from liability. A corporation is liable even if the employee was acting out of personal animosity, if the acts were committed within the scope of his employment.

In this case, it is not disputed that Mr. Maglioli was engaged upon Friendly Ice Cream Corporation's business and was acting within the scope of his employment when he made the decisions to transfer Mr. Bedor and when he made the decision to terminate Mr. Bedor. It is undisputed that any wrongs that you might find he committed were the result of his attempts to carry out the work entrusted to him by the corporation. Therefore, I instruct you that the Defendant, Friendly's Ice Cream Corporation is liable for his conduct.[1]

---

[1] See Devitt & Blackmar, 3 Federal Jury Practice & Instructions, § 71.09 at 26 (4th ed. 1987); Wright, FitzGerald, and Ankerman, Conn. Law of Torts § 63, n. 8 at 161-64 (3rd ed. 1991); Rich-Taubman Assoc. v. Comm'r of Revenue Services, 236 Conn 613, 619,

3

Now I am not suggesting that Friendly's Ice Cream Corporation is liable. Whether or not Mr. Bedor was discriminated against or retaliated against as he claims is a matter for you to decide in accordance with these instructions. I am only instructing you that you must find that Friendlys Ice Cream Corporation is legally responsible if you find that Mr. Maglioi discriminated against or retaliated against Mr. Bedor.

---

624, 674 A.2d 805 (1996); <u>Larsen Chelsey Realty Co. v. Larsen</u>, 232 Conn. 480, 500-501, 656 A.2d 1009 (1995); <u>A-G Foods Inc. v. Pepperidge Farm Inc.</u>, 216 Conn. 200, 208, 209-10, 529 A.2d 69 (1990); <u>Cardona v. Valentin</u>, 160 Conn. 18, 22, 273 A.3d 697 (1970); <u>Pelletier v. Bilbiles</u>, 154 Conn. 544, 548 (1967); <u>Son v. Hartford Ice Cream Co.</u>, 102 Conn. 696, 699, 129 A. 778 (1925); <u>Stickney v. Epstein</u>, 100 Conn. 170, 178-79, 123 A.I (1923); <u>Bank of Montreal v. Gallo</u>, 3 Conn. App. 268, 273, 487 A.2d 1401 (1985), *appeal denied*, 195 Conn. 803, 491 A.2d 1103 (1985).

### 3. RETALIATION FOR EXERCISING RIGHTS UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA)

The Plaintiff's first claim against Defendant Friendly Ice Cream Corporation is for a violation of the Family and Medical Leave Act, called the FMLA. The Family and Medical Leave Act of 1993 is a federal statute that seeks to balance the demands of the workplace with the needs of families. It permits certain employees to take unpaid leave for medical reasons, or for the birth or adoption of a child, or to care for a child, spouse or parent who has a serious health condition.[2] Under the FMLA, an eligible employee is entitled to take up to 12 workweeks of unpaid leave during any year to be treated or recover from any serious health condition that makes the employee unable to perform the functions of his or her position.[3]

The FMLA creates two interrelated rights for employees. First, the employee has the right to take up to twelve weeks of unpaid leave for treatment of a serious health condition, to care for an ill spouse, child or parent, or for the birth or adoption of a child. Second, an employee who takes FMLA leave has the right to be restored to his or her original position or to a position equivalent in benefits, pay, and conditions of employment upon return from leave, and to be free from discrimination or retaliation for having taken such a leave.[4]

---

[2] See: 29 U.S.C. §2601.

[3] See: 29 U.S.C. §2612.

[4] Cendant Corp. v. Connecticut Department of Labor, 276 Conn. 16 (2005), quoting Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721, 732, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003); 29 U.S.C.§§2612(a)(1)(D), 2615(a)(1)and(2)

5

In the present case, Mr. Bedor claims that Friendly Ice Cream Corporation both transferred him to a worse position in retaliation for his having taken a medical leave, and that Friendly Ice Cream Corporation terminated him in retaliation for his having taken a medical leave which he was entitled to take under the FMLA. These are two separate claims for violations of the FMLA.

With respect to the first, Mr. Bedor claims that Friendly Ice Cream Corporation refused to return him to his original position after his medical leave, and instead first assigned him to a district much further from his home, which contained restaurants that were performing poorly, and when he refused that reassignment for medical reasons, then assigned him to a temporary district. Mr. Bedor claims that Mr. Maglioli, on behalf of Friendly Ice Cream Corporation, assigned him to this less desirable position in retaliation for his having taken a medical leave.

With respect to the second claim, Mr. Bedor claims that he was terminated on August 8, 2000 in retaliation for having taken a medical leave protected under the FMLA.

To prevail on his claims of retaliation, Mr. Bedor must prove, by a preponderance of the evidence, first that he was in the protected group - that is that he exercised his right to take a medical leave under the FMLA; second that the employer was aware of that activity; third, that he suffered an adverse employment action, and finally that there was a causal connection between the adverse action and his having taken a medical leave protected under the FMLA.[5]

---

[5] Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1176-1177 (2nd Cir. 1996); Cosgrove v. Sears, Roebuck & Co., 9. F.3d 1933, 1039 (2nd Cir. 1993); Bedor v. Friendly's Ice Cream Corp., 2005 WL 2406012 (D. Conn. 2005); Palma v. Pharmedica Communications, Inc., 2003 WL 22750547 (D. Conn. 2003); Brenlla v. LaSorsa Buick Pontiac Chevrolet Inc., 2002 WL 1059117 (SDNY 2002); Cendant Corp. v. Connecticut Department of Labor, 276 Conn. 16 (2005).

## 4A. THE FIRST FACTOR

In the present case, Friendly Ice Cream Corporation admits that it is an employer within the meaning of the FMLA, that Mr. Bedor is an eligible employee within the meaning of the FMLA, and that Mr. Bedor took a medical leave for treatment of a serious health condition that made him unable to perform the functions of his position. Therefore, you must find that the Plaintiff has proven the first element- that he is a person protected under the FMLA.

**4B. THE SECOND FACTOR**

In the present case, Friendly Ice Cream Corporation admits that it was aware that Mr. Bedor had taken a medical leave. Therefore, you must find that the Plaintiff has proven this second factor.[6]

---

[6] Woodman v. WWOR-TV, Inc., 411 F.3d. 69 (2nd. Cir. 2005); Gordon v. New York Ciry Board of Education, 232 F.3d. 111, 113 (2nd. Cir. 2000).

## 4C.   THE THIRD FACTOR: AN ADVERSE EMPLOYMENT ACTION

An adverse employment action is any that constitutes a materially adverse change in the terms and conditions of the Plaintiff's employment.   A change in work responsibilities or duties may  be an adverse employment action under certain circumstances.  However, it is not enough for the employee to show that his responsibilities are merely different, or that he has suffered a personal inconvenience because of a change in the conditions of his employment.   Instead, the employee must show that  the alteration in job responsibilities made the position less valuable.   It is sufficient if the employee can show that the change involves significantly diminished material responsibilities, or involves more menial tasks or has fewer opportunities for advancement.

A termination is an adverse employment action.   A transfer from a permanent position to a temporary job is also an adverse employment action.    Therefore, I instruct you that you are to find that the Plaintiff was subjected to adverse employment actions. [7]

---

[7] Bedor v. Friendly's Ice Cream Corp., 2005 WL 2406012 (D. Conn. 2005); Burlington Industries Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 2268-2269 (1998); Richardson v. New York State Correctional Services, 180 f.3d. 426, 446, (2nd. Cir. 1999); Brown v. Cox, 286 F.3d. 1040, 145-1046 (8th Cir. 2002); Crady v. Liberty National Bank & Trust Co., 993 F.2d. 132, 136 (7th Cir. 1993); Flaherty v. Gas Research Institute, 31 F.3d. 451, 456 (7th Cir. 1994); Kocsis v. Multi-Care Management Inc., 97 F.3d. 876, 887 (6th Cir. 1996); Harlston v. McDonnell Douglas Corp., 37 F.3d. 379, 382 (8th Cir. 1994); Raffaele v. City of New York, 2004 WL 1969869 at *19 (EDNY 2004).

## 4D. THE FOURTH FACTOR: AN INFERENCE OF RETALIATION

However, the fact that Mr. Bedor was subjected to adverse employment actions is not sufficient to establish that Friendly's Ice Cream Corporation is liable for retaliation. As I explained before, Mr. Bedor must also prove to you by a preponderance of the evidence that there is a causal connection between the adverse employment actions and his having taken a medical leave protected by the FMLA. He must show that his having taken a medical leave was a motivating factor in Friendly Ice Cream Corporation's decision to discharge him, or the decision to transfer him to a temporary position.

Now, Mr. Bedor does not need to prove that his having taken a medical leave was the only factor in the Defendant's decision, as long as it was a factor that motivated the Defendant, or contributed to the Defendant's decision. Mr. Bedor does not even have to prove that the fact that he took a medical leave was the principal factor in the decision. A motivating factor is a factor that makes a difference in the Defendant's decision, played a part in the Defendant's decision, or was a consideration that moved the Defendant toward its decision. In other words, you should find for the Plaintiff if you conclude that the Plaintiff's exercise of rights under the FMLA made a difference in the Defendant's decision.

In determining motivation, you should consider that an intent or motive to violate the law is seldom admitted and can rarely be established by direct evidence. An intent to retaliate must often be proved circumstantially and may be inferred by the existence of other facts. In order to determine whether retaliation was a motivating factor, you should consider all of the evidence that may be available. Your job as jurors will be to analyze all of the facts and circumstances and to determine whether the Plaintiff has

proven that it is more likely than not that his having taken a medical leave was a motivating factor in the Defendant's decision or decisions.

Among the circumstantial evidence that you may consider in order to determine whether the Defendant's intent or motive was retaliatory are the following: First, the timing of events. The fact that the protected activity was closely followed in time by an adverse action, may be considered in determining the Defendant's motives. Second, departures from normal procedures might be evidence that improper purposes are playing a role.

Third, if you conclude that the Plaintiff's evidence shows that having taken a medical leave was a motivating factor in the Defendant's adverse treatment of other similar employees, you may consider that evidence in drawing an inference that his having take a medical leave was a motivating factor in the Defendant's treatment of the Plaintiff. A conclusion on your part that the Defendant treated another employee adversely because of his FMLA leave does not, by itself, prove that the Defendant retaliated or discriminated against the Plaintiff. However, an employer's practice with respect to another employee who had taken a leave under the FMLA may assist you in drawing an inference that the Plaintiff's protected activity was a factor that made a difference in the employer's treatment of him.

Fourth, you may consider whether the reasons offered by the Defendant for its actions are believable or whether they are a pretext for discrimination. A pretext is simply another word for cover-up. If you find that the Defendant's reasons are not worthy of belief, this alone may be sufficient to establish that the Defendant's actions were taken with a retaliatory motive. Resort to a pretextual explanation may itself be viewed as evidence that the Plaintiff has proven his case. In evaluating the evidence

11

you will be attempting to infer the Defendant's motivation, and resort to a pretextual explanation may itself be viewed as evidence indicating consciousness of guilt. If you find that the Defendant has provided a false explanation for the Plaintiff's dismissal, the law allows but does not require you to conclude based on that fact alone that retaliation was a motivating factor in the Defendant's decision to terminate the Plaintiff. This is not to suggest that you should consider only this evidence, but that this evidence alone would be sufficient to allow you to conclude that the Plaintiff has proven his case.

However, it is up to you to decide, based on all of the evidence presented, whether or not Mr. Bedor has proven that it is more likely than not that the Defendant acted with a retaliatory motive. In reaching your conclusion, you must remember that it is not your role to decide whether the Defendant treated the Plaintiff fairly or unfairly. You cannot find for the Plaintiff simply because you feel sorry for him or to reward him for past services to the Defendant or because of some general feeling that he deserved better from his employer. Under the FMLA, an employer has a right to terminate an employee or change an employee's area and duties for good reasons, bad reasons, or even for no reason at all, as long as its decision is not based on the employee's having taken a medical leave. Your sole responsibility is to decide whether the Plaintiff was subjected to retaliation because of his having taken a medical leave for treatment of his prostate cancer.

If you find that the Plaintiff has proven that it is more likely than not that Defendant Friendly's Ice Cream Corporation discharged him or transferred him to a temporary position because of his having taken a medical leave under the FMLA then your verdict should be for Mr. Bedor on this claim. If you find that the Plaintiff has not proven by the preponderance of the evidence that Defendant Friendly's Ice Cream

Corporation acted with a retaliatory motive, then you must find for the Defendant as to this claim.[8]

---

[8] Reeves v. Sanderson Plumbing Products Inc., 530 US 133, 143 (2000); Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Potenza v. City of New York, 365 F. 3d 165 167-168 (2nd. Cir.2004); Gordon v. New York City Board of Education, 232 F.3d. 111 (2nd. Cir. 2000); Danzer v. Norden Systems Inc., 151 F.3d 50, 54 (2nd Cir. 1998); Kirsch v. Fleet Street, LTD., 148 F.3d. 149, (2nd Cir. 1998); Norton v. Sam's Club, 145 F.3d 114, 118 (2nd Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2nd Cir. 1998); Stratton v. Department for the Aging for the City of New York, 132 F.3d 869 (2nd Cir. 1997); Renz v. Grey Advertising, 135 F.3d 217, 222 (2nd Cir. 1997); Luciano v. The Olsted Corporation, 110 F.3d 210, 215 (2nd Cir. 1997). Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2nd Cir. 1996); Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2nd Cir. 1995); Cabrera v. Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994); Cosgrove v. Sears Robuck & Co., 9 F.3d. 1033 (2nd. Cir. 1993); Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Owens v. New York Housing Authority, 934 F.2d 405, 409 (2d Cir.) cert denied, 112 S. Ct. 431 (1991); Sumner v. US Postal Service, 899 F.2d. 203, 209 (2nd. Cir. 1990); Bedor v. Friendly's Ice Cream Corp.2005 WL 2406012 (D. Conn. 2005); Palma v. Pharmedica Communications Inc., 2003 WL 22750547 (D. Conn. 2003); Rose v. James River Paper Company, 2 F. Supp. 2nd 245, 250 (D. Conn. 1998);Shkolnick v. Combustion Engineering, Inc., 856 F.Supp. 82, 87 (D.Conn. 1994); Mann. v. Mass. Correa Elec. J.V., 2002 WL 88915 (S.D.N.Y. 2002);Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991).

13

## 5. **REDUCTION IN FORCE**

As you know, the Defendant contends that the Plaintiff's transfer to a new area was the result of a reorganization. Employers are entitled to conduct such reorganizations and reductions in force and it is not for you or I to question the wisdom of that decision. If you conclude, based upon the evidence, that the Defendant conducted a legitimate reorganization or reduction in force, you may still find for the Plaintiff if he has proven by a preponderance of the evidence that he suffered an adverse employment action for unlawful, retaliatory reasons. The Plaintiff does not have to prove that the reorganization as a whole was a pretext for retaliation in order to prevail. In a reduction in force/reorganization case, the Plaintiff need not even show that he was replaced by a newly hired employee, but only that his transfer occurred under circumstances giving rise to an inference of retaliation for having taken a medical leave.

If you find that, in the reorganization, the Defendant found more favorable positions for employees who had not taken medical leaves under the FMLA, but not for those employees who had exercised their right to take a leave under the FMLA, you are permitted, but not required, to draw from that fact an inference of retaliation. Again, the issue for you to decide is whether or not Mr. Bedor's having taken a medical leave was a factor that made a difference.[9]

---

[9] Cronin v. Aetna Life Insurance Co., 46 F.3d 196 (2d Cir. 1994); Maresco v. Evans Chemetics Division, 964 F.2d 106, 111 (2d Cir. 1992); Shkolnick v. Combustion Engineering, 65 FEP 1493, 1495 (D.C. Conn. 1994); and Thornley v. Penton Publishing, Inc., No. 2:92-CV-51 (RNC), *Charge of the Jury*, 4/28/95, pp. 13-14.

## 6. ADEA- AGE DISCRIMINATION

The Plaintiff has also brought a claim under the a federal law which is entitled the Age Discrimination in Employment Act, and referred to as the "ADEA." The ADEA provides that it is unlawful for an employer to discriminate against or to terminate any individual because of his age, provided that the individual is 40 or older. The purpose of the ADEA is to prevent employment discrimination based on age.

Simply because an employer terminates an employee who is 40 years of age or older does not mean that an act of age discrimination has taken place. These statutes do not require an employer to give special, favorable treatment to employees who are 40 years of age or older. Instead, employers are to evaluate employees on their merits and not their age.

The Plaintiff claims that the Defendant discriminated against him because of his age by transferring him- first to a district much further from his home, which contained restaurants that were performing poorly, and then when he was unable to accept that position because he was recovering from treatment for cancer surgery- to a temporary district. Mr. Bedor also claims that Mr. Maglioli, on behalf of Friendly's Ice Cream Corporation, discriminated against him because of his age by terminating him. The Defendant denies that age was a factor in its decisions to reassign and to terminate Mr. Bedor.

You are to analyze the claim of age discrimination in a similar way as the claim for retaliation under the FMLA. Mr. Bedor must prove, by a preponderance of the evidence, that he is in the protected group- that is, that he is over 40 years of age; that he had the qualifications for the position he held; that he suffered an adverse

15

employment action or actions, and finally that there is a causal connection between his age and the adverse employment actions.[10]

In the present case, it is undisputed that Mr. Bedor was 51 years of age at the time of the termination, and that he had the qualifications for the position. As I have previously instructed you, both termination and reassignment to a temporary position are adverse employment actions. Therefore, the only element that you must decide is whether the Plaintiff has shown that his age was a motivating factor in the Defendant's decisions.

In these instructions, I have used the age 40 because the ADEA prohibits discrimination against employees age 40 or over. That does not mean, however, that the ADEA only prohibits the employer from favoring employees who are younger than 40. The ADEA also prohibits employers from discriminating against employees over 40 in favor of substantially younger employees. For example, the ADEA prohibits an employer from discriminating against a 55 year old in favor of a 45 year old employee, because of those employees' ages. The question is whether the Plaintiff's age was a factor in the Defendant's employment decision.

Your role as a jury will be to analyze all the facts and circumstances and to determine, based on a preponderance of the evidence, whether Mr. Bedor's age was a factor that made a difference with respect to the Defendant's decision to reassign him to the temporary position or to terminate him. In order to determine whether discrimination was a motivating factor in the Defendant's treatment of the Plaintiff, you should consider

---

[10] Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1176-1177 (2nd Cir. 1996); Cosgrove v. Sears, Roebuck & Co., 9. F.3d 1933, 1039 (2nd Cir. 1993); Bedor v. Friendly's Ice Cream Corp., 2005 WL 2406012 (D. Conn. 2005).

16

all of the evidence of intent or motive that may be available. As I have already told you, in determining the Defendant's motivation, you should consider that intent or motive can rarely be established by direct evidence and must often be proved circumstantially and by inference.

Among the circumstantial evidence that you may consider in order to determine whether the Defendant's intent or motive was discriminatory are the following:

First, the employer's practice with respect to other employees may assist you in drawing an inference that the Plaintiff's age was a factor that made a difference. A conclusion on your part that the Defendant discriminated against another employee does not, by itself, prove that the Defendant discriminated or retaliated against the Plaintiff but if you conclude that the Plaintiff's evidence shows that age was a motivating factor in the Defendant's treatment of another employee, you may consider that evidence in drawing an inference that it was a motivating factor in the Defendant's treatment of him.

Second, a failure to follow the Defendant's normal policies or procedures might be evidence that improper purposes are playing a role.

Third, you may again consider whether the reasons offered by the Defendant for its actions are believable or whether they are a pretext for discrimination. If you find that the Defendant's reasons are not worthy of belief, this alone may be sufficient to establish that Defendant's actions were taken with a discriminatory motive. Resort to a pretextual explanation may itself be viewed as evidence of discrimination.

However, it is up to you to decide, based on all of the evidence presented, whether or not Mr. Bedor has proven that it is more likely than not that the Defendant acted with a discriminatory motive. You should consider all the evidence to determine

17

whether he has proven by a preponderance of the evidence that his age, or the Defendant's stereotypical beliefs about his age, or any age-related stereotype or discriminatory impulse, more than likely motivated the Defendant. That is the ultimate determination you must reach on this count.

In reaching your conclusion, you must again remember that you cannot find for the Plaintiff simply because you feel sorry for him or to reward him for past services to the Defendant or because of some general feeling that he deserved better from his employer. Under the ADEA, like the FMLA, an employer has a right to terminate an employee or change an employee's area and duties for good reasons, bad reasons, or even for no reason at all, as long as its decision is not based on the employee's age.[11]

---

[11] Reeves v. Sanderson Plumbing Products Inc., 530 US 133, 143 (2000); Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Potenza v. City of New York, 365 F. 3d 165167-168 (2nd. Cir.2004); Gordon v. New York City Board of Education, 232 F.3d. 111 (2nd. Cir. 2000); Danzer v. Norden Systems Inc., 151 F.3d 50, 54 (2nd Cir. 1998); Kirsch v. Fleet Street, LTD., 148 F.3d. 149, (2nd Cir. 1998); Norton v. Sam's Club, 145 F.3d 114, 118 (2nd Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2nd Cir. 1998); Stratton v. Department for the Aging for the City of New York, 132 F.3d 869 (2nd Cir. 1997); Renz v. Grey Advertising, 135 F.3d 217, 222 (2nd Cir. 1997); Luciano v. The Olsted Corporation, 110 F.3d 210, 215 (2nd Cir. 1997). Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2nd Cir. 1996); Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2nd Cir. 1995); Cabrera v. Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994); Cosgrove v. SearsRobuck & Co., 9 F.3d. 1033 (2nd. Cir. 1993); Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Owens v. New York Housing Authority, 934 F.2d 405, 409 (2d Cir.) cert denied, 112 S. Ct. 431 (1991); Sumner v. US Postal Service, 899 F.2d. 203, 209 (2nd. Cir. 1990); Bedor v. Friendly's Ice Cream Corp.2005 WL 2406012 (D. Conn. 2005); Palma v. Pharmedica Communications Inc., 2003 WL 22750547 (D. Conn. 2003); Rose v. James River Paper Company, 2 F. Supp. 2nd 245, 250 (D. Conn. 1998);Shkolnick v. Combustion Engineering, Inc., 856 F.Supp. 82, 87 (D.Conn. 1994); Mann. v. Mass. Correa Elec. J.V., 2002 WL 88915 (S.D.N.Y. 2002);Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991).

18

### 7. AGE DISCRIMINATION IN VIOLATION OF CFEPA

The Plaintiff also claim is that the Defendant's conduct violated the Connecticut law forbidding discrimination on the basis of age. The analysis of whether the Plaintiff has proven discrimination by a preponderance of the evidence is the same under state or federal law. Therefore I instruct you that if you find for the Plaintiff as to the claim of discrimination in violation of ADEA, you must also enter a verdict for the Plaintiff on his claim under the Connecticut Fair Employment Practices Act. Similarly, if you find for the Defendant on the count of discrimination under the ADEA, you must find for the Defendant on this claim under state law.[12]

---

[12] Hill v. Pinkerton Security Investigative Services, 977 F. Supp. 148, 153 (D. Conn. 1997); Levy v. CHRO, 236 Conn. 96, 103 (1996); Ann Howard's Apricot's Restaurant v. CHRO, 237 Conn. 209, 225 (1996).