8.    **DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

The Plaintiff has also brought a claim under a federal law called the Americans with Disabilities Act or "ADA". The purpose of the ADA is to eliminate discrimination in employment against people who have physical or mental disabilities. Under the ADA, an employer may not deny equivalent compensation, benefits or other terms, conditions and privileges of employment, or terminate or discipline a qualified individual because of his or her disability. In addition, an employer may not deny an otherwise qualified individual a reasonable accommodation for a known disability unless doing so would cause an undue hardship.

The Plaintiff, Gary Bedor, contends that Friendly Ice Cream Corporation transferred him to less desirable position, and later terminated him because of his disability- prostate cancer. Friendly Ice Cream Corporation denies that Mr. Bedor's prostate cancer constituted a "disability" within the meaning of the ADA. In addition, the Defendant, Friendly Ice Cream Corporation, denies that the decision to transfer and/or to terminate Mr. Bedor was made, in motivating part, because of his prostate cancer.

As I explained earlier, the fact that the Plaintiff has brought suit does not mean that he has suffered the wrong that he claims. Mr. Bedor must prove his case, and you may not attach any weight to the mere fact that allegations of wrongdoing have been made.

In order to prove a violation of the ADA, Mr. Bedor must prove by the preponderance of the evidence that: (1) he was an individual with a disability within the meaning of the ADA; (2) that he was qualified to perform his job; (3) that an adverse employment action was taken against him; and (4) that his disability played a motivating role in Mr. Maglioli's decision to transfer him to a less desirable area and/or to terminate

20

him.[13]

---

[13] <u>Parker v. Sony Pictures Entertainment, Inc.</u>, 260 F.3d 100, 107 (2d Cir. 2001).

## 9A.    THE FIRST FACTOR

In the present case, Friendly Ice Cream Corporation admits that Mr. Bedor had

prostate cancer.    However, Friendly Ice Cream Corporation denies that this cancer

was a disability within the meaning of the ADA.    Not every person who has an illness or

an injury is considered disabled within the meaning of the ADA.    Therefore, the first

factor for you to consider, is whether or not Mr. Bedor's prostate cancer was a disability.

The question that you must answer is whether or not Mr. Bedor  met the definition

of a disabled individual at the time that the adverse action occurred- that is at the time

that he was transferred or at the time that he was terminated.[14]    In determining whether

or not Mr. Bedor was disabled at that time you cannot rely solely on his diagnosis of

cancer.    Cancer may be disabling for one person, and not for another.   You must

consider what effect  prostate cancer actually had on Mr. Bedor in determining whether

or not he had a disability within the meaning of the law.

In order to be protected by the ADA, Mr. Bedor's prostate cancer must have been

a physical or mental impairment that substantially limited one or more of his major life

activities at the time of the adverse actions.  Therefore, in order to be protected under

the ADA, Mr. Bedor must prove by the the preponderance of the evidence: (1) that his

prostate cancer is a physical impairment; (2) that the life activity upon which he relies is

a major life activity and (3) that his prostate cancer substantially limited him with respect

to that major life activity.[15]

---

[14]  Monroe v. Cortland County, 37 F.Sup.2d 546, 550 (SDNY 1999); Saunders v.
Webber Oil Co., 2000 U.S. Dist. LEXIS 21237 * 18 (D Me. 2000).

[15]42 U.S.C. §§ 12102(2);  Bragdon v. Abbott, 524 U.S. 624, 118 S.Ct. 2196,
2202, (1998); Lajeunesse v. Great Atlantic and Pacific Tea Co. Inc., 160 F.Sup.2d 324,
330-331 (D. Conn. 2001); citing Colwell ve. Suffolk County Police Dept., 158 F.3d 635,

The term "physical impairment" is defined as: "any physiological disorder or condition, cosmetic disfigurement or anatomical loss affecting one or more of the following body systems: neurological, neuromuscular, genitourinary, hemic, and lymphatic, skin, and endocrine".[16]  Physical impairments include, "such diseases and conditions as orthopedic, visual, speech, and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, mental retardation,  emotional illness, and . . . drug addiction and alcoholism."   28 CFR § 41.31(a)(1) (1997).  Therefore, I instruct you that you must find that Mr. Bedor's prostate cancer is a physical impairment within the meaning of the ADA.

The term "major life activities" refers to basic life activities than an average person can perform with little or no difficulty. In determining whether something is a major life activity, the key question is the importance of the activity.  "Major life activities" refer to those activities that are of central importance to daily life. There is no complete list of major life activities, but they include such things as: caring for yourself, walking, seeing, hearing, speaking, breathing, sitting, standing, lifting, reaching, sleeping, learning, thinking, concentrating, and interacting with others.[17]

Mr. Bedor alleges that his prostate cancer, and the treatment that he underwent for this cancer  have interfered with his ability to perform the major life function of engaging in sexual relations.   I instruct you that you are to find that sexual relations are

---

641 (2d Cir. 1998).

[16]  29 CFR § 1630.2(h)(2);  See MacGovern v. Hamilton Sundstrand Corp., 170 F.Supp. 2d 301, 308 (D. Conn. 2001); 28 CFR § 41.31(a)(1) (1997)..

[17]  29 CFR § 1630.2(i);  Colwell v. Suffolk County Police Department, 158 F.3d 635, 642 (2d Cir. 1998) cert denied, 526 U.S. 1018, 119 S.Ct. 1253 (1999); Muller v. Costello, 187 F.3d 298, 312 (2d Cir. 1999); EEOC Enforcement Guidance on the ADA and Psychiatric Disabilities, No. 915.002, §3 (1997).

a major life activity within the meaning of the ADA.[18]

However, as I explained, Mr. Bedor's prostate cancer is only a disability within the meaning of the ADA if it substantially limits his ability to engage in sexual relations. A person is not considered disabled if he or she has an impairment that interferes with a major life activity in only a minor way"[19]. "Substantially limits means "considerable" or "to a large degree."[20] The question of whether the plaintiff's impairment substantially limits a major life activity depends on the impairment's nature and severity, its expected duration, and the long term impact of the impairment or resulting from the impairment.[21]

A physical or mental impairment "substantially limits" one or more of a person's major life activities when it:

(1) renders the person unable to perform a major life activity that the average person could perform, or

(2) significantly restricts the person's ability to perform a particular major life activity as compared to the condition, manner or duration under which the average

---

[18]29 C.F.R. § 1630.2(i); 29 C.F.R. pt 1630, app 56 Fed Reg 35726, 35741 (July 26, 1991); Bragdon , 524 U.S. at 638;  Toyota Motor Mfg. Ky.,Inc. v. Williams, 534 U.S. 184, 196-197 (2002); McAldin v. County of San Diego, 201 F.3d 1211 (9th Cir. 2000), cert. denied, 530 U.S. 1243 (2000); Knutson v. AG Processing Inc., 2002 U.S. Dist. LEXIS 20940 at *31-32 (N.D. Iowa, 2001); Treiber v. Lindbergh School Dist., 199 F.Sup.2d 949, 959 (E.D. Mo. 2002); Praseuth v. Newell-Rubbermaid Inc., 219 F.Sup.2d 1157 (D. Kan. 2002); Keller v. Board of Educ.. Of the City of Albuquerque, 182 F.Sup.2d 1148, 1155 (D.N.M. 2001); Saunders v. Webber Oil Co., 2000 U.S. Dist. LEXIS 21237 (D. Me. 2000); Anderson v. Gus Mayer Boston Store, 924 F.Sup. 763, 775, n.24 (E.D. Tex. 1996);Doe v. District of Columbia, 796 F.Sup. 559, 568 (D. D.C. 1992);; Hillyer v. Runyon, 95 F.Sup.2d 1016, 1021 (S. D. Iowa, 2000). .

[19]Toyota Motor Mfg. Ky.,Inc. v. Williams, 534 U.S. 184, 196-197 (2002),

[20]Id.

[21] 29 CFR § 1630.2(j)(i), (ii). 29 C.F.R. § 1630.2(h); 29 C.F.R pt 1630, app, 56 Fed Reg 35726, 35741 (July 26,1991); 29 C.F.R. pt 1630, app 56 Fed Reg 35726, 35740 (July 26, 1991).

person could perform the same activity.

In determining whether or not Mr. Bedor's prostate cancer substantially limited him with respect to the major life activity of sexual relations, as compared to the average person, you must consider both the positive and the negative impact of any treatment or medication that Mr. Bedor received. [22]    If after treatment or medication, a person is no longer substantially limited in any major life function, then that person would not be considered disabled within the meaning of the ADA.   A good example of this might be someone with a severe visual loss that is corrected by glasses.  Without glasses, the person might have a substantial limitation on the major life activity of seeing.   However, with corrective lenses, the person may have no limitation or only a minor limitation. Because the impact of the impairment is corrected, that person would not have a disability within the meaning of the ADA.

However, a person could still have a substantial limitation on a major life activity, even after treatment.    An individual will also have a disability within the meaning of the Act,  if the negative side effects of the treatment  result in a substantial limitation on a major life activity".[23]   For example, the medication that a person might need to take to control a medical condition could cause a substantial limitation on the ability to sleep or concentrate.   That person could have a disability within the meaning of the ADA. In fact, a condition like cancer can be a disability within the meaning of the ADA even if it

---

[22]Sutton v. United Air Lines, Inc., 527 U.S. 471, 119 S. Ct 2139, 144 L. Ed. 2d 450, 9 A.D. Cas (BNA) 673 (1999);  EEOC v. J.B. Hunt Transportation, Inc. (N.D.N.Y.2001) 128 F.Supp.2d 117, 125 n. 12, aff'd (2d Cir.2003) 321 F.3d 69; Kammueller v. Loomis Fargo &Co., 383 F.3d. 779, (8th Cir 2004);

[23]   Sutton, 527 US. at  at 488; Keller v. Board of Education, 182 F. Supp. 2d. 1148, 1155-1156, (D. New Mexico 2001);  EEOC v. Gallagher, 181 F.3d. 645, 654 (5th Cir. 1999); Gordon v. E.L. Hamm & Assoc. Inc., 100 F.3d. 907, 912 (1996);Treiber v. Lindbergh School District,199 F. Supp. 2d. 949, 960 (Ed. Mo. 2002).

is in remission, if the results of the cancer treatment still substantially limit a major life activity.[24]

Now, Mr. Bedor claims that after his treatment for prostate cancer, even with medication, he had a substantial limitation on the major life activity of sexual relations. He claims that the corrective measures he underwent to remove the active cancer- the removal of his prostate- significantly restricted his ability to engage in sexual relations as compared to the condition, manner or duration under which the average person in the general population could perform the same major life activity. The Friendly Ice Cream Corporation denies that Mr. Bedor was substantially limited at the time of the adverse actions. It is up to you to determine based on all of the evidence whether or not Mr. Bedor has proven by the preponderance of the evidence that at that time of these actions he was substantially limited with respect to his ability to engage in sexual relations. If you find that he has proven this by the preponderance of the evidence, you must find that he has a disability within the meaning of the ADA. If on the other hand, you find that he has not proven that any limitations were substantial, than you must find for the Defendant as to this claim.

---

[24] Leicht v. Hawaiian Airlines Inc., 77 F. Supp. 2d. 1134, 1147-1148, (D. Hawaiia 1999); Vendetta v. Bell Atlantic Corp., 1998 WL 575111 at *7(D. Pa. 1998); Demarah v. Texaco Group, Inc., 88 F. Supp.2d. 1150, 1155 (D. Col. 2000)

## 9B.    THE SECOND FACTOR

Next, an ADA Plaintiff must normally show by the preponderance of the evidence that he is a qualified individual with a disability.  This means that he must prove that despite his disability he was capable of performing the essential functions of his position, with a reasonable accommodation if necessary.  In the present case, it is undisputed that Mr. Bedor could perform the essential functions of his  job with the reasonable accommodation of being granted a temporary limitation on the distance he had to drive. Therefore, I instruct you that you must find for the Plaintiff as to this element.

## 9C.    THE THIRD FACTOR: AN ADVERSE EMPLOYMENT ACTION

As I explained earlier, an adverse employment action is any that constitutes a materially adverse change in the terms and conditions of the Plaintiff's employment.    I instruct you that you are to find that the Plaintiff was subjected to adverse employment actions. [25]

---

[25] Bedor v. Friendly's Ice Cream Corp., 2005 WL 2406012 (D. Conn. 2005); Burlington Industries Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 2268-2269 (1998); Richardson v. New York State Correctional Services, 180 f.3d. 426, 446, (2nd. Cir. 1999); Brown v. Cox, 286 F.3d. 1040, 145-1046 (8th Cir. 2002); Crady v. Liberty National Bank & Trust Co., 993 F.2d. 132, 136 (7th Cir. 1993); Flaherty v. Gas Research Institute, 31 F.3d. 451, 456 (7th Cir. 1994); Kocsis v. Multi-Care Management Inc., 97 F.3d. 876, 887 (6th Cir. 1996); Harlston v. McDonnell Douglas Corp., 37 F.3d. 379, 382 (8th Cir. 1994); Raffaele v. City of New York, 2004 WL 1969869 at *19 (EDNY 2004).

## 9D.  THE FOURTH FACTOR:  AN INFERENCE OF DISCRIMINATION

The final element which must be considered is whether or not Mr. Bedor has proven by the preponderance of the evidence that he was transferred or terminated under circumstances giving rise to an inference that he was discriminated against because of his disability.

In order to establish this element, the Plaintiff must prove to you by a preponderance of the evidence, that his cancer, or the Defendant's stereotypical beliefs about his cancer, or any disability-related discriminatory impulse by the defendant, was one of the reasons for the defendant's decision.  Now, the Plaintiff does not have to prove that the Defendant was motivated by its belief that Mr. Bedor was substantially limited with respect to the major life function of sexual relations.  In fact, it is not necessary that Mr. Bedor show that Friendly Ice Cream Corporation was even aware of the specific life activities that were impacted by his cancer.[26]   All the Plaintiff needs to prove is that his prostate cancer is a disability within the meaning of the ADA, and that he was discriminated against because of this disability.

The Plaintiff claims that the Defendant discriminated against him because of his disability  by transferring him- first to a district much further from his home, which contained restaurants that were performing poorly, and then when he was unable to accept that position because he was recovering from treatment for cancer surgery- to a temporary district.   Mr. Bedor also claims that Mr. Maglioli, on behalf of Friendly's Ice Cream Corporation, discriminated against him because of his disability by terminating

---

[26] Monroe v. Cortland County NY, 37 F. Supp. 2d. 546, 552 (NDNY);Colwell, 158 F.3d at 644 n. 1;; Saunders v. Webber Oil Co., 2000 US D. Lexis 21237, at *18 (D. Me. 2000).

29

him.  The Defendant denies that the Plainitff's prostate cancer was a factor in its decision to reassign and to terminate Mr. Bedor.[27]

In determining whether or not Mr. Bedor was discriminated against, you must apply the same analysis that I explained to you with respect to the FMLA and age discrimination claims.   As I previously explained to you, Mr. Bedor need not prove that his disability was the sole or exclusive factor motivating the Defendant.  Disability may be one of a number of factors that motivates an employer's decision.  Mr. Bedor is entitled to prevail if he proves that his disability played a motivating role in, or contributed to, the decision.[28]

Mr. Bedor is not required to produce direct evidence that he was discriminated against because of his disability.  An intent to discriminate may be inferred from the existence of other facts - that is it may be proven through circumstantial evidence.[29] Again, if you find that the Defendant's reasons are not worthy of belief, this alone may be sufficient to establish that Defendant's actions were taken with a discriminatory motive. Resort to a pretextual explanation may  be viewed as evidence of discrimination.   This does not mean that you must view the Defendant's explanation in any particular way.   It is your role as a jury to analyze all the facts and circumstances and to determine, based upon this evidence, whether  Friendly Ice Cream Corporation  discriminated against Mr.

---

[27]Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1176-1177 (2rd Cir. 1996); Cosgrove v. Sears, Roebuck & Co., 9. F.3d 1933, 1039 (2nd Cir. 1993); Bedor v. Friendly's Ice Cream Corp., 2005 WL 2406012 (D. Conn. 2005).

[28] See Parker, 260 F.3d at 108; Holtz v. Rockefeller & Co., 258 F.3d 62, 78-79 (2d Cir. 2001); Renz v. Grey Advertising, Inc., 135 F.3d 217, 220-222 (2d Cir. 1997).

[29] See, e.g. Carlton v. Mystic Transportation, 202 F.3d 129, 135 (2d Cir. 2000) cert denied, 530 U.S. 1261, 120 S.Ct. 2718 (2000); Danzer v. Norden Systems, Inc., 151 F.3d 50, 56-57 (2d Cir. 1998).

Bedor because of his disability.    Again, you should not be swayed by sympathy because

Mr. Bedor had cancer.  The question that you must answer is whether or not his prostate

cancer was a factor that made a difference with respect to the Defendant's decision to

reassign him to the temporary position or to terminate him.  In order to determine whether

the Plaintiff's disability was a motivating factor in the Defendant's treatment of the

Plaintiff, you should consider all of the evidence  that may be available.[30]

---

[30]Reeves v. Sanderson Plumbing Products Inc., 530 US 133, 143 (2000); Price
Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality
opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v.
Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Potenza
v. City of New York, 365 F. 3d 165167-168 (2nd. Cir.2004);  Gordon v. New York City
Board of Education, 232 F.3d. 111 (2nd. Cir. 2000);  Danzer v. Norden Systems Inc.,
151 F.3d 50, 54 (2nd Cir. 1998); Kirsch v. Fleet Street, LTD., 148 F.3d. 149, (2nd Cir.
1998); Norton v. Sam's Club, 145 F.3d 114, 118 (2nd Cir. 1998); Stern v. Trustees of
Columbia University, 131 F.3d 305, 312 (2nd Cir. 1998); Stratton v. Department for the
Aging for the City of New York, 132 F.3d 869 (2nd Cir. 1997); Renz v. Grey Advertising,
135 F.3d 217, 222 (2nd Cir. 1997); Luciano v. The Olsted Corporation, 110 F.3d 210,
215 (2nd Cir. 1997). Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2nd Cir.
1996);  Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2nd Cir. 1995); Cabrera v.
Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994);
Cosgrove v. SearsRobuck & Co., 9 F.3d. 1033 (2nd. Cir. 1993);  Ostroski v. Atlantic Mut.
Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Owens v. New York Housing
Authority, 934 F.2d 405, 409 (2d Cir.) cert denied, 112 S. Ct. 431 (1991);  Sumner v.
US Postal Service, 899 F.2d. 203, 209 (2nd. Cir. 1990); Bedor v. Friendly's Ice Cream
Corp.2005 WL 2406012 (D. Conn. 2005); Palma v. Pharmedica Communications Inc.,
2003 WL 22750547 (D. Conn. 2003);  Rose v. James River Paper Company, 2 F.
Supp. 2nd 245, 250 (D. Conn. 1998);Shkolnick v. Combustion Engineering, Inc., 856
F.Supp. 82, 87 (D.Conn. 1994); Mann. v. Mass. Correa Elec. J.V., 2002 WL 88915
(S.D.N.Y. 2002);Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Ford v.
Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New
England Dairies, Inc., 219 Conn. 1 (1991).

## 10.    **DISABILITY DISCRIMINATION UNDER CFEPA**

Finally, the Plaintiff has brought a claim of disability discrimination under state law.    As with his ADA claim, Gary Bedor contends that Friendly Ice Cream Corporation transferred him to less desirable position, and later terminated him because of his prostate cancer.    The only difference between this claim and the Plaintiff's disability discrimination claim under the ADA is the definition of disability.    Connecticut has defined "disability" differently than Congress.

In order to prove a violation of CFEPA,    Mr. Bedor must still prove by the preponderance of the evidence that: (1) he was an individual with a disability; (2) that he was qualified to perform his job;  (3) that an adverse employment action was taken against him; and (4) that his disability played a motivating role in Mr. Maglioli's decision to transfer him to a less desirable area and/or to terminate him.[31]    However, you must find that Mr. Bedor is disabled under Connecticut law, if he,

> has any chronic physical handicap, infirmity or impairment, whether congenital or resulting from bodily injury, organic processes or changes or from illness, including, but not limited to, epilepsy, deafness or hearing impairment or reliance on a wheelchair or other remedial appliance or device.

Conn. Gen. Stat. §46a-51(15)(emphasis added).

In order to be considered disabled under Connecticut law, the Plaintiff does not need to prove any substantial limitation on any major life function.    This is because Connecticut law is broader than federal law.[32]    However, he must prove by the

---

[31]  Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 107 (2d Cir. 2001).

[32]  Beason v. United Technologies Corp., 337 F.3d. 277 (2nd. Cir. 2003).

preponderance of the evidence that any infirmity, impairment or handicap is "chronic". Chronic is defined as , "of long duration, or characterized by slowly progressive symptoms; deep seated or obstinate, or threatening a long continuance; distinguished from acute."[33]

Again the Plaintiff's physical disability in this case is cancer. The Plaintiff claims that his cancer, and that the treatment of this illness resulted in permanent erectile dysfunction. If you find that Mr. Bedor has not proven by the preponderance of the evidence that he has a disability with the meaning of the Connecticut act, you must find for the defendant.  If you find that Mr. Bedor has proven that he has a disability with the meaning of the Connecticut act, you must consider the other elements of a claim for discrimination.

As I have explained, it is undisputed that Mr. Bedor could perform the essential functions of his job and that he suffered adverse employment actions.  Therefore, you need only consider whether or not Mr. Bedor has proven that he was discriminated against because of his disability.

It is up to you to decide based on all of the evidence and on the law as I have previously explained it to you, whether the Plaintiff has proven that his disability played a

---

[33] Gilman Bros. v. Conn. Comm'n on Human Rights & Opportunities, 1997 WL 275578 (Conn.Super.Ct.1997); Connor v. McDonald's Inc., 2003 WL 1343253 (D.Conn. 2003); Medvey v. Oxford Health Plan, 2005 WL2300379 (D.Conn.2005); Hill v. Pfizer Inc., 266 F.Supp.2d. 352 (2003); Shaw v. Greenwicxh Anesthesiology Assoc. 137 F. Supp.2d. 48, 65-66 (D. Conn. 2001).

motivating role in, or contributed to, the decision to transfer him or to terminate him. [34]  If you find that Mr. Bedor has proven this by the preponderance of the evidence, you must find for the Plintiff as to this claim.   However, if you find that the Plaintiff has not proven that his disability was a factor that made a difference, you must find for the Defendant as to this claim.[35]

---

[34]  See Parker, 260 F.3d at 108; Holtz v. Rockefeller & Co., 258 F.3d 62, 78-79 (2d Cir. 2001); Renz v. Grey Advertising, Inc., 135 F.3d 217, 220-222 (2d Cir. 1997).

[35]Reeves v. Sanderson Plumbing Products Inc., 530 US 133, 143 (2000); Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct. 1307 (1996); Potenza v. City of New York, 365 F. 3d 165167-168 (2nd. Cir.2004);  Gordon v. New York City Board of Education, 232 F.3d. 111 (2nd. Cir. 2000);  Danzer v. Norden Systems Inc., 151 F.3d 50, 54 (2nd Cir. 1998); Kirsch v. Fleet Street, LTD., 148 F.3d. 149, (2nd Cir. 1998); Norton v. Sam's Club, 145 F.3d 114, 118 (2nd Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2nd Cir. 1998); Stratton v. Department for the Aging for the City of New York, 132 F.3d 869 (2nd Cir. 1997); Renz v. Grey Advertising, 135 F.3d 217, 222 (2nd Cir. 1997); Luciano v. The Olsted Corporation, 110 F.3d 210, 215 (2nd Cir. 1997). Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2nd Cir. 1996);  Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2nd Cir. 1995); Cabrera v. Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994); Cosgrove v. SearsRobuck & Co., 9 F.3d 1033 (2nd. Cir. 1993);  Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Owens v. New York Housing Authority, 934 F.2d 405, 409 (2d Cir.) cert denied, 112 S. Ct. 431 (1991);  Sumner v. US Postal Service, 899 F.2d. 203, 209 (2nd. Cir. 1990); Bedor v. Friendly's Ice Cream Corp.2005 WL 2406012 (D. Conn. 2005); Palma v. Pharmedica Communications Inc., 2003 WL 22750547 (D. Conn. 2003); Rose v. James River Paper Company, 2 F. Supp. 2nd 245, 250 (D. Conn. 1998);Shkolnick v. Combustion Engineering, Inc., 856 F.Supp. 82, 87 (D.Conn. 1994); Mann. v. Mass. Correa Elec. J.V., 2002 WL 88915 (S.D.N.Y. 2002);Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991).

## 11. <u>DAMAGES - GENERAL PRINCIPLES</u>

Now if you have found for the Defendant on each of the Plaintiff's claims, you need not consider damages. However, if you have found for the Plaintiff on any of his claims, you must next consider the issue of damages. You should bear in mind that the Plaintiff has the burden of proving by the preponderance of the evidence both that he was damaged and the extent of those damages. The amount of damages must be reasonably calculated to make him whole for the injuries that he has suffered as a result of any violations that you might find.

Before I instruct you on the issue of damages, a few words of caution are in order. In the final arguments, counsel have stated a certain sum of money which they claim should be awarded by you. Now counsel has the right to make such a claim, but such argument is not evidence, and the award of damages is solely your function. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Instructions on damages are given for your guidance in the event you do reach the issue of damages. The issue of damages should only be considered in the event you find in favor of the Plaintiff in accordance with the other instructions I have given you. Whether you should or should not reach the issue of damages with regard to the Plaintiff is for you to decide.

You must not construe the Defendant's presentation of evidence on the issue of damages to be an admission that they are liable or that the Plaintiff is entitled to any damages. The Defendant is required to address the issue of damages or it would have

35

lost its opportunity to do so.  You should only consider the issue of damages - and the

evidence presented on that issue - if you determine that the Defendant violated the

Plaintiff's rights.[36]

---

[36] Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990);
Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991); Sorrentino v. All Seasons
Services, Inc., 246 Conn. 756 (1998);  Levy v. CHRO, 236 Conn. 96, 103 (1996)..

## 12. DAMAGES - ECONOMIC LOSSES

If you find for Mr. Bedor on his claim that he was retaliated against because of his having taken a medical leave or that he was discriminated against because of his age or disability he is entitled to be made whole for any resultant economic losses. These economic damages include any lost wages from the date of Mr. Bedor's termination until now.

You may award damages for lost wages only for injuries to the Plaintiff proved were caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation, no more, no less.

The law places the burden of proof as to this element on Mr. Bedor. While it is not necessary that Mr. Bedor prove the amount of any damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances. You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for estimation or approximation is shown with reasonable certainty.

In calculating these damages, you should include in the amount any salary increases and bonuses as well as benefits you may find that the Plaintiff would have received had he not been terminated. You should deduct from this amount any earnings which the Plaintiff has had from other employment since the date of his termination. In making this award, you may take into account the number of hours the Plaintiff has had to work in his other employment. The amount of damages must be reasonable and must be calculated to make the Plaintiff whole for the injuries he has suffered as a result of

37

any violation that you have found.[37]

If you find that Mr. Bedor was discriminated against in violation of the ADEA or ADA and suffered economic losses as a result of this, you must determine the amount of such losses even if you have also determined an award for economic losses for a violation of the FMLA.   Do not be concerned that you may be compensating him twice for the same economic injury.   That is something for the Court to address.   This is not to say that I am suggesting that you should find any particular way as to these matters- that is for you to determine.

---

[37]Ford v. Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40 (1990); Oakes v. New England Dairies, Inc., 219 Conn. 1 (1991); Sorrentino v. All Seasons Services, Inc., 246 Conn. 756 (1998); Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975); Mertens v. Hewitt Associates, 508 U.S. 248, 113 S. Ct. 2063, 2064 (1993); Abermarle Paper Co. v. Moody, 422 U.S. 405, 419 (1975); EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 841 (6th Cir. 1994); Sands v. Runyon, 28 F.3d 1323, 1327 (2nd Cir. 1994); Thurston v. TWA, 713 F.2d 940; 956 (2nd Cir. 1983), aff'd in part 469 U.S. 111 (1985); Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042 (1978); Bernheim v. Litt, 79 F.3d 318, 325-6 (2nd Cir. 1996); Modern Federal Jury Instructions, §104.06 87-87. Conn. Gen. Stat. §37-3b;   Collier v. State of CT, Dept. of Public Safety, 1999 WL 300643 (Conn. Supp. 999); Gaudio v. Griffin Health Services Corp., 249 Conn. 523 (1999); Bernheim v. Litt, 79 F.3d 318, 325-6 (2d Cir. 1996); Modern Federal Jury Instructions, §104.06 87-87..Devitt, Blackmar & Wolff, Federal Jury Practice Instructions, .(1987) Vol. 3 Civil (1995 Pocket Part) §104.06 p. 164; see, 29 U.S.C. §1981a(b)(2).  See Also: The Award of Damages Under the Family and Medical Leave Act, 176 A.L.R. 591 (2002-2005).

### 13.    MITIGATION OF DAMAGES[38]

Even if you find that the Defendant, by its actions, has harmed the Plaintiff, the Plaintiff is also obligated to use reasonable care to minimize the resulting losses and damages caused by the Defendant's actions. A person who is damaged as a result of wrongful conduct by another has a duty under the law to use reasonable efforts to mitigate his damages. The obligation, to mitigate damages, however, is not an onerous one. An employee need not go into another line of work, accept a demotion, or take a demeaning position. He also need not apply for or accept positions while his physicians advise him that he is physically unable to work.

The Plaintiff does not have to prove that he used reasonable care to minimize his losses. Instead in this instance the burden is on Friendly's Ice Cream Corporation to prove, by the preponderance of the evidence, that the Plaintiff has not satisfied his duty to minimize his damages. For you to find that the Plaintiff failed to minimize or mitigate his damages, the Defendant must prove to you two things with regard to Mr. Bedor. First, the Defendant must show that he did not use reasonable diligence in seeking employment. A Plaintiff fails to use reasonable diligence when he could have sought employment at the same or comparable salary level and did not. Second, the Defendant must also prove to you that if Mr. Bedor had exercised such diligence, there was a reasonable likelihood that he would have found comparable work.

---

[38] The Plaintiff does not believe that the evidence in this case is sufficient to support a finding that he failed to mitigate his damages and therefore no jury charge should be given on this subject. This proposed jury instruction is being provided for consideration only in the event the Court disagrees and determines that sufficient evidence exists to submit the failure to mitigate defense to the jury.

Only if you find that Friendly's Ice Cream Corporation has proven both that the Plaintiff failed to look for comparable work, and that the Plaintiff could have found comparable work if he did look for it, may you find that the Plaintiff failed to mitigate his damages. If you find that the Plaintiff could have obtained comparable employment if he continued to look and that he unreasonably failed to do so, then you should deny recovery for the period of time after which he stopped looking because he would have failed to mitigate his damages with regard to that time period.

If you find that there were substantially equivalent positions available to Mr. Bedor, that Mr. Bedor did not take reasonable steps to minimize his damages, and that if he had taken such steps he would have found a substantially equivalent position, then you may reduce the total damages by the amount you believe they would have been reduced had the Plaintiff taken such steps. In deciding whether to reduce Mr. Bedor's damages due to a failure to mitigate, you should weigh all the evidence in the case. If a failure to mitigate damages has been proven, you may consider that failure in determining the amount of damages that should be paid.[39]

---

[39]   Ford Motor Co. v. E.E.O.C.,458 U.S. 219, 231 (1982); Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992); Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997); Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 695-696 (2d Cir. 1998); Brooks v. Fonda-Fultonville Cent. School Dist., 938 F.Supp. 1094,1109, (N.D.N.Y. 1996) Bonura v. Chase Manhattan Bank, N.A., 629 F.Supp. 353, 356 (S.D.N.Y. 1986); Ann Howard's Apricots Restaurant , 237 Conn 209, 229 (1996); Preston v. Keith, 217 Conn 12, 21-22 (1991).

### 14.    PREJUDGEMENT INTEREST[40]

If you find that the Plaintiff is entitled to an award of damages for his economic

losses under the FMLA or under the ADA, ADEA, or CFEPA you should award interest to

the Plaintiff on such damages as you have determined.  Interest may be awarded to

compensate a Plaintiff for the loss of use of money which was not paid when due.  Given

that the purpose of back pay is to make the Plaintiff whole, you may find it necessary to

award interest to compensate Plaintiff for the loss of the benefit of his back pay to date.

The interest allowed is the average annual United States Treasury bill rate from the date

of the lost wages to the date of your award.  The average annual United States Treasury

bill rate from August 2000  until today is _____.

This interest runs from the time that the money was due.  Therefore if you find for

the Plaintiff on the issue of economic damages and award damages for any loss of pay,

you may add to such damages interest at a rate of ___ percent a year from the date the

loss of pay was suffered. [41]

---

[40] The FMLA authorizes a district court to grant pre-judgment interest on a back pay award.  29 U.S.C. §2617 (a)(1)(ii).  Under the discrimination statutes the calculation of interest is ordinarily left to the court.  See, Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993); Brenllav. LaSora Buick Pontiac Chevrolet Inc., 2002 WL 1059117 (SDNY 2002)   This instruction is submitted in the event that the court in its discretion submits the issue to the jury.

[41] Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993); O'Quinn v. New York University Med. Center, 933 F. Supp. 341 (S.D.N.Y. 1996); Dailey v. Societe Generale, 889 F.Supp. 108 (S.D.N.Y. 1996); McIntosh v. Irving Trust Co., 873 F. Supp. 872 (S.D.N.Y. 1995).

### 15.    LIQUIDATED DAMAGES UNDER THE FMLA[42]

If you have found that the Defendant retaliated against the Plaintiff for his exercise

of rights protected under the FMLA, you must also consider the issue of liquidated

damages.  Liquidated damages under the FMLA are considered compensatory rather

than punitive in nature.  Liquidated damages are to be awarded unless  Friendly Ice

Cream Corporation has proven to you, by the fair preponderance of the evidence, that

both the actions and omissions that you found to be in violation of the FMLA were done in

good faith and that they had reasonable grounds for believing that their conduct was not in

violation of the FMLA.  If you find that Friendly's Ice Cream Corporation has proven both

that it acted in good faith and that it had a reasonable belief that its conduct did not violate

the FMLA, then you must award Mr. Bedor nothing in liquidated damages.    However, if

Friendly Ice Cream Corporation has not proven both of these elements by the

preponderance of the evidence, and you have found that Friendly's Ice Cream

Corporation violated the FMLA, you should award an amount equal to the total amount of

lost wages, and interest that you have found that Mr. Bedor suffered as a result of the

---

[42]Liquidated damages are mandatory under the FMLA, unless the jury finds both that the act or omission that violated the FMLA was made in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of the FMLA.  29 U.S.C. §2617(a)(1)(A)(iii); Palma v. Pharmedica Communication Inc., 2003 WL 22750600(D. Conn. 2003).  The factual issue- whether or not the act or omission that violated the FMLA was made in good faith and whether or not the employer had reasonable grounds for believing that the act or omission was not a violation of the FMLA should be submitted to the jury.  However, the Plaintiff believes that the award of such benefits must be left to the Court.  29 U.S.C. §2617(a)(1)(A)(iii); Palma v. Pharmedica Communication Inc., 2003 WL 22750600(D. Conn. 2003).  The Plaintiff requests that the jury simply be given an interrogatory asking if the Defendant had proven that its conduct was both made in good faith and that it had reasonable grounds for believing that it was not violating the FMLA.  This instruction is submitted only in the event that the Court, in its discretion, decides to submit the amount of liquidated damages to the jury.

Defendant's retaliation.[43]

---

[43]29 U.S.C. §2617(a)(1)(A)(iii); <u>Palma v. Pharmedica Communication Inc.</u>, 2003
WL 22750600 (D. Conn. 2003).

## 16.    **WILLFULNESS**

If you have found that the Defendant discriminated against the Plaintiff because of his age or disability, you must next consider liquidated or punitive 0damages for this violation.   Now this type of damages is different that liquidated damages under the FMLA. As I explained to you a moment ago, under the FMLA, the Defendant must show that its conduct was made in good faith and  based on a reasonable belief that the FMLA was not being violated.   This is not the standard under the ADEA or under the ADA.

The Plaintiff claims that the acts of Defendant Friendly's Ice Cream Corporation were done willfully, intentionally, or with callous and reckless indifference to Mr. Bedor's rights under the ADEA or ADA.   If you find that this is the case, under the standard I will explain to you, the Defendant's wilful violation of the law would entitle him to an award of additional liquidated or punitive damages.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct, and second, to warn others against doing the same.   To establish a willful violation of the ADEA or ADA , the Plaintiff is not required to show any especially egregious or aggravated circumstances associated with the Plaintiffs termination. However, to establish a willful violation of the ADEA or ADA, the Plaintiff must prove more than that he was discriminated against.

A violation is not wilful if it is done by accident, inadvertence, or ordinary negligence.   To show a willful violation, the Plaintiff must prove by a preponderance of the evidence that when the Defendant discriminated against him, it knew that it's  conduct violated the law or that it  showed reckless disregard as to whether it was violating the law.  An employer acts with "reckless disregard" of its obligations under the law if it shows disregard for the law and acts with indifference to legal requirements.

44

In determining whether the Defendant's conduct was wilful, you should assess whether the Defendant acted in reckless disregard of the law or of the consequences which might follow from its conduct, such as the Plaintiff's resulting economic losses, physical suffering and/or emotional distress. Keep in mind that, when I speak of the conduct of Defendant Friendly Ice Cream Corporation, I am referring to the conduct of individual Friendly's management employees. You must determine whether the Defendant's conduct was wilful. In doing so, you must consider what occurred in light of all of the facts involved.

If you find that the Defendant acted willfully, then the Plaintiff is entitled to an award of liquidated damages under the ADEA and/or ADA punitive damages under the ADA. You may award the Plaintiff liquidated damages in an amount up to, but not more than, the amount of damages you have awarded to him for his economic losses under ADA, you can award damages up to or even the amount of economic damages. This is not to suggest that you should do so. In determining the amount of any liquidated or punitive damages you might choose to award you should bear in mind the purpose of such damages. That is, you should award an amount that you feel is fair to punish the Defendant for the wrongdoing you have found and to warn others not to engage in the same conduct.[44]

---

[44] Kolstad v. American Dental Association, 1999 WL 407481, 67 USLW 3682 (1999); 42 U.S.C. §1981(a)(b); Thurston v. TWA, 469 U.S. 111 (1985); Hazen Paper Products v. Biggens, 507 U.S. 604, 113 S. Ct. 1701 (1993); Reichmen v. Bonsignore & Mazzotta, 818 F.2d 278, 281-2 (2d Cir. 1987). Thurston v. TWA, 469 U.S. 111 (1985); Hazen Paper Products v. Biggens, 507 U.S. 604, 113 S.Ct. 1701 (1993); Paolitto v. John Brown E&C, Inc., 151 F.3d 60 (2nd Cir. 1998); Padilla v. Metro-North Commuter Railroad, 92 F.3d 117 (2d Cir. 1996); Woodhouse v. Magnolia Hospital, 92 F.3d 248 (5th Cir. 1996); Devitt & Blackmar; pocket part §104.07; Thornley v. Penton Publishing, Inc., No. 2:92-CV-51 (RNC), Charge of the Jury, 4/28/95, p. 15-16.

## 17.   **COMPENSATORY DAMAGES**

The final type of damages that you must consider is called compensatory damages.  If you find that Mr. Bedor has proven his claims of age discrimination, or disability discrimination, then he is entitled to damages called compensatory damages. Such damages include compensation for any humiliation, emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that you find the Plaintiff experienced as a consequence of the Defendant's illegal conduct.

Again, it is not necessary for the Plaintiff to prove his emotional distress with mathematical precision, as long as he has presented the type of evidence you might reasonably expect to be available under the circumstances.  No evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence. You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for estimation or approximation is shown with reasonable certainty.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. There is no exact standard for fixing the  compensation to be awarded for these elements of damages.  Instead, any award that you make should be fair in light of the evidence

46

presented at trial.[45]

RESPECTFULLY SUBMITTED,
FOR THE PLAINTIFF,

By: _____
Thomas W. Meiklejohn ct08755
Mary E. Kelly ct07419
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821

---

[45] Schanzer v. UTC, 120 F. Supp.2d. 200 (D. Conn. 2000); Ragin v. Laidlaw Trans. Inc., 1999 WL 977603 (D. Conn. 1999).

47

## CERTIFICATE OF SERVICE

This hereby certifies that the foregoing Plaintiff's Proposed Charge to the Jury was hand-delivered on this 29th day of March 2006 to all counsel of record as follows:

Warren L. Holcomb
Floyd J. Dugas
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

_____
Thomas W. Meiklejohn