UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
GARY BEDOR,                    :
                               :
        Plaintiff,             :
                               :
v.                             : Civil No.3:01CV02146(AWT)
                               :
FRIENDLY'S ICE CREAM CORP.,    :
                               :
        Defendant.             :
                               :
-------------------------------x
```

**ENDORSEMENT ORDER**

    For the reasons set forth herein, the defendant's Motion for Reconsideration (Doc. No. 40) is hereby DENIED.

    As a preliminary matter, the court notes (i) that the word "also" should be deleted from the first sentence of the defendant's memorandum in order to make it an accurate statement; and (ii) that the first paragraph of the defendant's memorandum refers only to the second point as to which the court concluded the defendant failed to demonstrate the absence of a genuine issue of material fact, and that in the sentence preceding the sentence quoted by the defendant, the court also stated its conclusion that the defendant failed to demonstrate the absence of a genuine issue of material fact as to whether the defendant satisfied the ADA's definition of "disability".

    The court has considered the cases cited by the parties and cannot at this point in the case conclude that the defendant is

entitled to judgment as a matter of law.  Of particular concern to the court is language in Sutton v. United Airlines, Inc., 527 U.S. 471, 44 (1999), where the Court indicated that it would be an "anomalous result that in determining whether an individual is disabled, courts and employers could not consider any negative side effects suffered by an individual resulting from the use of mitigating measures . . . " and language in Christian v. St. Anthony Medical Center, Inc., 117 F.3d 1051, 1052 (7th Cir.), where the court stated that "[i]n its early stages cancer is usually not disabling, but aggressive treatment of a cancer at an early stage may be, and if it is, the protections of the Act are triggered."  The court's concerns could only be addressed by development of a full record at trial.

It is so ordered.

Dated this 24th day of July 2006, at Hartford, Connecticut.

        /s/ (AWT)
     Alvin W. Thompson
United States District Judge